Rodney Jackson appeals following his written plea, conviction, and sentence for operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2007). He contends his trial counsel was ineffective for failing to file a motion in arrest of judgment and his plea was not the product of a knowing, voluntary, and intelligent waiver.
"Although claims of ineffective assistance of counsel are generally preserved for postconviction relief proceedings, we will consider such claims on direct appeal where the record is adequate." State v. Bearse, 748 N.W.2d 211, 214 (Iowa 2008) (quoting State v. Horness, 600 N.W.2d 294, 297
(Iowa 1999)). Because there was a hearing on Jackson's claims of ineffective assistance, we find the record adequate to review his claims on direct appeal.
To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. State v. Maxwell,743 N.W.2d 185, 195 (Iowa 2008). A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. State v. Polly,657 N.W.2d 462, 465 (Iowa 2003). We conduct a de novo review of ineffective assistance of counsel claims. Maxwell, 743 N.W.2d at 195.
I. Jackson contends his first court-appointed attorney was ineffective in failing to file a motion in arrest of judgment because the written guilty plea allowed the district court to take the minutes of testimony into account in finding him guilty, but he asserts those minutes were deficient in that they were legally and factually deficient.
This claim must fail because Jackson cannot prove the prejudice prong of his ineffective assistance of counsel claim. The premise of Jackson's claim-that the minutes were legally and factually deficient-is faulty. First, Jackson complains that counsel did not object to the defects in the trial information and minutes of testimony pursuant to Iowa Rule of Criminal Procedure 2.11(6)(c), and had that objection been made he "would have been entitled to dismissal of all charges and would not have incurred jail time, a fine and other other restrictions imposed on him at sentencing." However, failure to file the minutes with the information permits dismissal of the information without prejudice. Iowa Rs. Crim. P. 2.11(6)(c)(1) and 2.11(7). Therefore, contrary to Jackson's argument, a motion to dismiss under rule 2.11(6)(c) would not have prevented his conviction, his jail time, or other sentencing restrictions, but may have delayed them.
Second, the apparent defect about which Jackson complains is the inadequacy of the minutes to support the charge and the court's approval of an information where the minutes did not support the charge. See Iowa R. Crim. P. 2.5(3), (4). Even assuming this claim has been adequately raised without appropriate citation, Jackson's claim again fails. The minutes of testimony must be filed with the trial information and supply a "full and fair statement" of the anticipated testimony. Iowa R. Crim. P. 2.5(1), (3).
 If it appears from the . . . information and the minutes of evidence that the particulars stated do not constitute the offense charged . . ., the court may and on motion of the defendant shall dismiss the information unless the prosecuting attorney shall furnish a bill of particulars which so states the particulars as to cure the defect.
Iowa R. Crim. P. 2.11(6)(a). Where a court finds that the trial information and minutes of testimony adequately inform the defendant of the charge and the facts to support the charge, the court would have no ground to dismiss the information.See State v. Doss, 355 N.W.2d 874, 880 (Iowa 1984) (noting that a motion to dismiss an information that merely challenges the sufficiency of the evidence supporting it is not ground for setting aside the information).
Here, two experts opined in the minutes that they concluded the defendant was intoxicated and provided facts that supported that opinion. Two witnesses placed the defendant in the vehicle behind the wheel in a place to which inferentially he had to have driven. No other passengers were found in the vehicle. More than adequate information is contained in the minutes to have survived a motion to dismiss and, consequently, Jackson has failed to establish counsel was ineffective for failing to move to dismiss the trial information, and no prejudice was incurred.
II. Jackson next contends he was denied ineffective assistance because his first attorney "improperly assessed the viability of his case." He argues he would not have pleaded guilty had his counsel not misled him.
Our supreme court has recently stated:
 Only through a case-by-case analysis will a court be able to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary. As in any other case in which relief is requested as a consequence of alleged ineffective assistance of counsel, the party claiming his counsel provided ineffective assistance in advance of the entry of a guilty plea must prove counsel breached a duty and prejudice resulted. The burden to prove prejudice in this context will require the party seeking relief to prove a reasonable probability of a different outcome had the breach not occurred; i.e., that but for counsel's breach of duty, the party seeking relief would not have pled guilty and would have elected instead to stand trial.
State v. Carroll, 767 N.W.2d 638, 644 (Iowa 2009).
 We will find counsel failed to perform an essential duty if defense counsel allows the defendant to plead guilty to a charge for which no factual basis exists and thereafter fails to file a motion in arrest of judgment challenging the plea. On the other hand, where a factual basis exists for the plea, counsel usually will not be found ineffective for allowing the defendant to plead guilty. Thus, the pivotal issue in this case is whether a factual basis existed for [defendant's] guilty plea to the crime [charged]. If a factual basis existed, counsel was not ineffective for failing to file a motion in arrest of judgment; if a factual basis does not exist, then counsel was ineffective.
 In determining whether a factual basis for [defendant's] guilty plea exists, we consider the entire record before the district court.
State v. Brooks, 555 N.W.2d 446, 448-49 (Iowa 1996) (citations omitted).
A factual basis existed for the guilty plea, and counsel was thus not ineffective in failing to file a motion in arrest of judgment. Jackson admitted in his written plea that he committed the crime of operating while intoxicated. He stipulated to use of the minutes of testimony and investigative reports. The minutes establish that Todd Peterson encountered a vehicle that was not moving on an off-ramp from Highway 75. He approached the vehicle and observed Jackson behind the wheel and no other passengers. Officer Lenny Flack was dispatched to the scene where he encountered Jackson smelling strongly of alcohol and slurring his slow speech. A glass pipe with drug residue was found in the car in which Jackson was located. In the officer's experienced opinion, Jackson was intoxicated, and that intoxication was revealed by his appearance, speech, and behavior. Jackson was agitated and refused field sobriety tests. He refused the implied consent procedure. Dan Pluegar, another experienced drug recognition expert, observed Jackson and noticed a very strong odor of alcohol and watery, bloodshot eyes. He formed an opinion that Jackson was intoxicated. An adequate factual basis is apparent in the record.
In terms of filing a motion in arrest of judgment, counsel also testified that she reviewed the officer's report and noted it stated that Jackson was seated directly behind the wheel with the key in the "on" position. Jackson twice admitted having driven in his conversation with the police. Counsel also reviewed the videotape of Jackson's booking and concluded his demeanor supported an inference that he was intoxicated. Based upon her review of the record, she recommended a plea of guilty, and Jackson agreed. Despite another attorney's opinion that Jackson had a defendable case, Jackson's first counsel's recommendation was not outside the range of competent representation. There was simply no basis to file a motion in arrest of judgment where the record adequately established a factual basis.
Jackson also asserts that the plea was involuntary and unintelligent because counsel misadvised him about the parole consequences and other relevant facts attendant to the plea. Jackson was not misadvised about the collateral consequences — he was urged to discuss it with the attorney who was representing him in that matter before making a decision. Neither the court nor counsel is required to inform the defendant of the indirect or collateral consequences of the plea. Saadiq v. State, 387 N.W.2d 315, 324-25 (Iowa 1986). If the fallout from the plea is "collateral," counsel is generally not held to be ineffective for failing to inform the defendant about it. Id.
Jackson has failed to establish his claims of ineffective assistance of counsel, and we therefore affirm.
AFFIRMED.