# IN THE COURT OF APPEALS OF IOWA

No. 15-0744
Filed April 5, 2017

**JAMES WILLIAMS,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.

_____

　　　Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.


　　　Applicant appeals the district court decision denying his application for postconviction relief. **AFFIRMED.**


　　　John W. Hofmeyer III, Oelwein, for appellant.

　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.


　　　Considered by Mullins, P.J., Bower, J., and Blane, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BOWER, Judge.**

James Williams appeals the district court decision denying his application for postconviction relief from his convictions of assault while participating in a felony, possession of a firearm as a felon, and two counts of first-degree robbery. We find Williams has not shown he received ineffective assistance due to counsel's decision to sever Williams's case from that of a codefendant or counsel's advice to plead guilty to a charge of eluding. We affirm the decision of the district court.

## I.      Background Facts & Proceedings

On June 11, 2008, at about 1:00 p.m., two armed men robbed the Clark-Prime Mart in Waterloo. The men left in a black SUV. There was evidence Williams went into the convenience store and then left shortly before the robbery, which the State argued showed he had been casing the location.

Later on the same day, at about 5:15 p.m., an armed man robbed a Dollar General Store. When he left the store, the man got into the passenger side of a black SUV. After receiving a dispatch about the robbery, an officer, who was nearby, noticed a black SUV and followed it. The SUV did not stop after the officer activated his lights and siren, but it sped up and drove through several stop signs. Eventually, the vehicle crashed into the porch of a house. Williams was found hiding in a closet of a nearby house, although the homeowner was not aware he was there. Williams told an officer he had been driving the black SUV when it left the Dollar General Store. Officers also arrested Antonio Dantzler, who was also found near the scene of the crashed SUV. Items relating to the two robberies were found in the vehicle.

In case FECR154618, Williams and Dantzler were charged with first-degree robbery, assault while participating in a felony, and possession of a firearm as a felon. Williams additionally was charged with eluding, operating a motor vehicle while his license was barred, and operating a motor vehicle while his license was revoked. These charges arose from the robbery of the Dollar General Store. In case FECR156357, Williams and Dantzler were charged with first-degree robbery of the Clark-Prime Mart convenience store.

Prior to trial, the court granted the State's motion for a joint trial in FECR154618 and FECR156357. In addition, defense counsel filed a motion to sever Williams's trial from that of Dantzler. Dantlzer also filed a motion seeking to sever his trial from Williams's trial. The district court granted the motions to sever.

During the course of the trial, Williams pled guilty to eluding, operating while barred, and operating while revoked. A jury found him guilty of two counts of first-degree robbery, in violation of Iowa Code section 711.2 (2007); assault while participating in a felony, in violation of section 708.3; and possession of a firearm as a felon, in violation of section 724.6. Williams filed a motion for a new trial. He presented a letter purportedly from Dantzler stating Dantzler wanted to testify for Williams at Williams's trial, but Dantzler's attorney would not let him. The court denied the motion for new trial.

During sentencing, the court determined Williams's sentence for assault while participating in a felony should be merged with his sentence on one of the counts of first-degree robbery. The court concluded the sentences on the two first-degree robbery convictions should be served consecutively and the

sentences on the other convictions were concurrent to those sentences. Williams's convictions on assault while participating in a felony, possession of a firearm as a felon, and two counts of first-degree robbery were affirmed on appeal. *See State v. Williams*, No. 09-0155, 2010 WL 446532, at *6 (Iowa Ct. App. Feb. 10, 2010).

Williams's present application for postconviction relief was filed on March 22, 2011.[1] He claimed he received ineffective assistance as defense counsel sought to sever his case from that of Dantzler and permitted him to plead guilty to eluding. At the postconviction hearing, defense counsel testified he wanted Williams's trial separated from Dantzler's trial because "we wanted an opportunity to be able to present evidence and testimony with regards to just Mr. Williams. We didn't want additional testimony with regards to Mr. Dantzler to overshadow Mr. Williams." Defense counsel also testified he recommended Williams plead guilty to eluding "because we didn't want that information or the— even the word eluding brought up during the trial, so we were trying to basically stomp out a fire before it got there." Defense counsel stated Dantzler's attorney would not permit Dantzler to testify in Williams's trial.

The district court denied Williams's application for postconviction relief. The court found Williams had not shown he received ineffective assistance on the ground defense counsel wanted to sever his trial from Dantzler's trial because Williams and Dantzler could not be tried together, as they had mutually antagonistic defenses. The court stated, "Defendant's claim that had they been

---

[1] Williams filed an earlier application for postconviction relief, which was dismissed for failure to state a claim.

jointly tried, Dantzler would have testified and absolved him is not credible." The court also found Williams had not shown he received ineffective assistance because defense counsel permitted him to plead guilty to eluding, stating there was sufficient other evidence to show Williams was the driver of the get-away car from the robbery at the Dollar General Store, including Williams's statement to officers he was the driver of the vehicle. Williams now appeals the district court decision denying his application for postconviction relief.

## II.     Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *Id.* An applicant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III.     Ineffective Assistance

**A.**     Williams claims he received ineffective assistance because defense counsel moved to sever his trial from Dantzler's trial. He states he was precluded from the benefit of Dantzler's testimony during his trial. Williams states the letter he received from Dantzler shows Dantzler was willing to testify Dantzler was the driver of the get-away vehicle and Williams was a mere passenger.

"[C]laims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain

whether the actions were a product of tactics or inattention to the responsibilities of an attorney." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). "While strategic decisions made after [a] 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable,'" trial strategies based on an investigation that is "less than complete" for the difficulty of the issues presented is susceptible to claims of ineffective assistance of counsel. *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984)).

We conclude defense counsel made a reasonable strategic decision to sever Williams's trial from Dantzler's trial.[2] Defense counsel stated he believed Dantzler was the primary person committing the robberies and, if there had been a joint trial, there was a possibility the evidence concerning Dantzler would have overshadowed the evidence concerning Williams. Defense counsel stated he believed it was better to have only the evidence concerning Williams presented at his trial. He additionally stated Dantzler's attorney would not let Dantzler testify at Williams's trial. Furthermore, as the district court stated, the trials of Williams and Dantzler were properly severed because they had mutually antagonistic defenses; "each to a degree attempted to shift responsibility onto the other." *See State v. Leutfaimany*, 585 N.W.2d 200, 203 (Iowa 1998).

We find Williams has not shown he received ineffective assistance due to defense counsel's motion to sever the trials of the two codefendants.

---

[2] We further note Dantzler sought to sever his trial from Williams's trial. Even if Williams's defense counsel had not filed a motion to sever, the trials would have been severed because Dantzler wanted them severed and his request was granted. Under these circumstances, Williams cannot show he was prejudiced by counsel's decision to file a motion to sever.

**B.**     Williams claims he received ineffective assistance because defense counsel permitted him to plead guilty to eluding. He states this established him as the driver of the get-away car for the robbery at the Dollar General Store and precluded him from arguing he was only a passenger in the vehicle. Williams claims he was not sufficiently informed of the repercussions of pleading guilty to eluding.

We find defense counsel made a reasonable strategic decision on this issue as well. *See State v. Fountain*, 786 N.W.2d 260, 266 (Iowa 2010) (noting strategic decisions made after an investigation into the law and facts are "virtually unchallengeable"). Defense counsel stated he did not even want the word "eluding" brought up during the criminal trial on the other charges. *See State v. Wilson*, 878 N.W.2d 203, 211 (Iowa 2016) ("It is well-settled law that the act of avoiding law enforcement after a crime has been committed may constitute circumstantial evidence of consciousness of guilt that is probative of guilt itself."). The guilty plea to eluding was not referred to during the jury trial, so Williams was not found guilty of the robbery charges due to pleading guilty to eluding.

The jury could find Williams was the driver of the get-away vehicle based on evidence Williams told an officer he had been driving the black SUV away from the Dollar General Store after the robbery. There was also the circumstantial evidence Williams was found hiding in a closet in a home a short distance from where the vehicle crashed into a porch. Items related to both robberies were found in the black SUV Williams admitted he had been driving.

We find Williams has not shown he received ineffective assistance because defense counsel permitted him to plead guilty to eluding.

We affirm the district court's decision denying Williams's application for postconviction relief.

**AFFIRMED.**