# IN THE COURT OF APPEALS OF IOWA

No. 16-2167
Filed October 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRUCE LAMONT JOHNSON JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.

        Defendant appeals his conviction for theft in the first degree.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Bruce Johnson Jr. appeals his conviction for theft in the first degree. We find Johnson has failed to show he received ineffective assistance on the ground defense counsel did not object to evidence Johnson initially gave police officers a false identification card. We affirm his conviction.

## I. Background Facts & Proceedings

On July 4, 2016, David Scott went to the Isle of Capri Casino in Bettendorf. As Scott stood in a line to register for a prize drawing, he had two voucher tickets in his front shirt pocket—one for five dollars and one for $115.[1] A person bumped into him, and he felt a tug on his shirt. Scott noticed his two voucher tickets were missing and he contacted security. A review of video from the casino security cameras showed Johnson reached into Scott's pocket and took the voucher tickets.

The casino security team contacted the Bettendorf Police Department. Lieutenant John Majeske and Officer Ashley Guffey approached Johnson at the casino. He told them his name was William Maxey and gave them a Colorado identification card. After some discussion, Johnson stated he had taken one voucher. Officer Guffey noted the picture on the Colorado identification card did not look like the defendant. Johnson then told officers his real name.

Johnson was charged with theft in the first degree, in violation of Iowa Code section 714.2(1) (2016). A jury found Johnson guilty of this offense. Johnson was sentenced to a term of imprisonment not to exceed ten years. He

---

[1] The voucher tickets could be used to play the slot machines or could be redeemed for cash.

now appeals his conviction, claiming he received ineffective assistance of counsel.

## II. Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III. Ineffective Assistance

Johnson claims he received ineffective assistance because defense counsel did not object to the evidence he used a false name and gave officers a false identification card when he was first approached. He states the evidence was more prejudicial than probative and was also inadmissible as evidence of other crimes, wrongs, or acts under Iowa Rule of Evidence 5.404(b). He states the evidence was not relevant to show he committed first-degree theft.

In reviewing a claim of ineffective assistance of counsel, "[i]f a claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). In order to show prejudice, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 143 (quoting *Strickland v.*

*Washington*, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

We find Johnson has not shown he was prejudiced by counsel's conduct. There is not a reasonable probability the result of the trial would have been different if the evidence Johnson gave a false name and identification card to officers had been omitted during the trial, as there was overwhelming evidence Johnson committed first-degree theft. *See State v. Parker*, 747 N.W.2d 196, 211 (Iowa 2008) (finding there was no showing of the prejudice element of a claim of ineffective assistance of counsel where the evidence of the defendant's guilt was overwhelming). The security video showed Johnson took the voucher tickets out of Scott's pocket. Also, while discussing the incident with officers, Scott confessed he had taken one voucher. We conclude Johnson has not shown he received ineffective assistance of counsel.

We affirm Johnson's conviction for first-degree theft.

**AFFIRMED.**