# IN THE COURT OF APPEALS OF IOWA

No. 17-0605
Filed January 10, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JUAN ROY LIZARDE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Defendant appeals his conviction for operating a motor vehicle without the owner's consent. **AFFIRMED.**

Anne K. Wilson of Anne K. Wilson Law Office, P.L.L.C., Hiawatha, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Juan Lizarde appeals his conviction for operating a motor vehicle without the owner's consent. Lizarde claimed he received ineffective assistance of counsel during his guilty plea proceeding. He does not, however, allege he would not have pleaded guilty and would have insisted on going to trial if not for counsel's alleged errors. We conclude Lizarde's claim of ineffective assistance should be preserved for possible postconviction proceedings. We affirm his conviction.

## I. Background Facts & Proceedings

Lizarde was charged with theft in the second degree, in violation of Iowa Code section 714.2(2) (2016), a class "D" felony. According to the minutes of testimony, a white Honda Odyssey was taken from the home of Richard Squires on December 6, 2016. On December 19, 2016, an officer stopped the Odyssey due to a malfunctioning brake light. The occupants of the vehicle ran away but were quickly apprehended. Lizarde had been a passenger in the vehicle. The driver, Luis Mendoza-Soto, told officers Lizarde had the Odyssey in his possession for a couple of weeks.

Lizarde entered into a plea agreement in which he agreed to plead guilty to the lesser included offense of operating a motor vehicle without the owner's consent, in violation of section 714.7, an aggravated misdemeanor. On March 9, 2017, he signed a written guilty plea, which stated:

> I plead guilty because I know I am guilty. I agree with the allegations in the trial information. I state that on or about December 6, 2016 and up to and including December 19, 2016, in the County of Marshall and the State of Iowa, I knowingly took control of an automobile, which was the property of another, without

consent of the owner but without the intent to permanently deprive the owner thereof.

In the written guilty plea, Lizarde waived his right to file a motion in arrest of judgment.

The court accepted Lizarde's guilty plea. A sentencing hearing was held on March 13, 2017, and Lizarde was sentenced to a term of imprisonment not to exceed two years. Lizarde appealed his conviction, claiming he received ineffective assistance of counsel.

## II. Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III. Ineffective Assistance

Lizarde claims he received ineffective assistance because defense counsel did not file a motion in arrest of judgment to challenge his guilty plea. He states such a motion would have been successful in setting aside his guilty plea because he did not make a voluntary, knowing, and intelligent waiver of his rights. He states he was not informed of the immigration consequences of his plea and he was confused about his sentence. Lizarde also states there was not a sufficient factual basis in the record to support his guilty plea.

Generally, a defendant must file a motion in arrest of judgment in order to challenge a guilty plea. *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). "However, this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel." *Id.* at 133. Lizarde is claiming his failure to file a motion in arrest of judgment is due to ineffective assistance of counsel.

In reviewing a claim of ineffective assistance of counsel, "[i]f a claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). When a defendant raises a claim of ineffective assistance in relation to a guilty plea, the defendant has the burden to show "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ledezma*, 626 N.W.2d at 142.

In his brief on appeal, Lizarde does not assert he would not have pleaded guilty and would have insisted on going to trial if not for the alleged errors of defense counsel.[1] Because Lizarde failed to sufficiently articulate the prejudice prong of a claim of ineffective assistance of counsel, we determine the issue should be preserved for possible postconviction relief proceedings. *State v. Johnson*, 784 N.W.2d 192, 197-98 (Iowa 2010) (noting claims of ineffective

---

[1] After the State pointed out this failure in its appellate brief, Lizarde claimed in his reply brief, "one can assume there was a reasonable probability that Lizarde would have chosen to go to trial rather than be sentenced to prison time." "We have long held that an issue cannot properly be asserted for the first time in a reply brief." *State v. Walker*, 574 N.W.2d 280, 288 (Iowa 1998).

assistance may be preserved even though the defendant has not demonstrated the potential viability of the claim, including when "they are raised in a general or conclusory manner on direct appeal").

We affirm Lizarde's conviction for operating a motor vehicle without the owner's consent.

**AFFIRMED.**