# IN THE COURT OF APPEALS OF IOWA

No. 17-1320
Filed May 2, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MAX LEE ARTHUR BAXTER,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Des Moines County, Jennifer Slocum

Bailey, District Associate Judge.


    Defendant appeals his conviction for eluding a peace officer.  **AFFIRMED.**



    William R. Monroe of Law Office of William Monroe, Burlington, for

appellant.

    Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.



    Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Max Baxter appeals his conviction for eluding a peace officer. We find Baxter was informed of the elements of eluding a peace officer and the State had the burden to prove those elements beyond a reasonable doubt. Baxter has not shown he received ineffective assistance because defense counsel did not file a motion in arrest of judgment, as such a motion, if filed, would have been unsuccessful. We affirm Baxter's conviction.

### I.     Background Facts & Proceedings

Baxter was charged with eluding a peace officer, in violation of Iowa Code section 321.279(2) (2017), an aggravated misdemeanor. Baxter entered into a plea agreement in which he agreed to plead guilty to this charge and other charges against him would be dismissed. He signed an amended written guilty plea, in which he stated, "[W]hile exceeding the speed limit by 25 mph or more, I willfully failed to bring my vehicle to a stop for a marked law enforcement vehicle driven by a uniformed peace officer, after being given a visual and audible signal."[1]

The court accepted Baxter's guilty plea to eluding a peace officer. He was sentenced to a term of imprisonment not to exceed two years, to be served concurrently with another charge. Baxter now appeals, claiming he received ineffective assistance from defense counsel.

---

[1] In an earlier written guilty plea, Baxter stated, "I willfully failed to stop my car for a marked patrol car w/marked police officer and visual and audible signal, and in so doing exceeded the speed limit by 25 mph or more."

## II. Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III. Merits

Baxter claims he received ineffective assistance because defense counsel did not file a motion in arrest of judgment. He states his guilty plea was not knowing and voluntary because he was not fully advised of the elements of the offense and was not informed he could only be found guilty if the State established every element of the offense by proof beyond a reasonable doubt. He claims he was prejudiced by counsel's performance.

A court may accept a guilty plea only if it is "made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b). A defendant must be informed of "[t]he nature of the charge to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(1). For an aggravated misdemeanor, as here, the requirements may be met by a written guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2004). In determining whether the requirements of rule 2.8(2)(b) have been met, "we apply the substantial compliance standard." *State v. Weitzel*, 905 N.W.2d 397, 406 (Iowa 2017). "Substantial compliance 'requires that

the essence of each requirement of the rule be expressed to allow the court to perform its important role in each case.'" *Id.* (citation omitted).

Section 321.279(2) provides:

> The driver of a motor vehicle commits an aggravated misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section and in doing so exceeds the speed limit by twenty-five miles per hour or more.

The trial information stated:

> The said MAX L. BAXTER on or about February 17, 2017 in the County of Des Moines, and State of Iowa, did willfully fail to bring the motor vehicle to a stop or otherwise elude or attempt to elude a marked official law enforcement vehicle driven by a uniformed police officer after being give[n] visual and audible signal and in doing so did exceed the speed limit by 25 mph or more.

Furthermore, Baxter gave the following statement in his written plea—"while exceeding the speed limit by 25 mph or more, I willfully failed to bring my vehicle to a stop for a marked law enforcement vehicle driven by a uniformed peace officer, after being given a visual and audible signal"—which follows the elements of the offense of eluding a peace officer. We find Baxter was informed of the elements of eluding a peace officer under section 321.279(2).

Baxter also claims his guilty plea was not voluntary and intelligent because he was not informed the State needed to prove each element of the offense beyond a reasonable doubt. The written guilty plea provided:

> My rights include (a) **presumed innocent** until proven guilty beyond a **reasonable doubt** in a trial to a judge or jury; (b) a **unanimous** jury verdict; (c) assistance of **counsel**; (d) **cross-examine** and confront witnesses against me; (e) **subpoena power** to compel defense witnesses and evidence; (f) **stand silent** and

decline to testify, without comment upon that decision; (g) to **appeal** the case no later than the 30th day following sentencing in an indictable misdemeanor, or within the 10th day for a simple misdemeanor.

We find the written guilty plea informed Baxter the State had the burden to prove he was guilty beyond a reasonable doubt.

We conclude there was substantial compliance with the requirement for a defendant to be informed of "[t]he nature of the charge to which the plea is offered." *See* Iowa R. Crim. P. 2.8(2)(b)(1). We find defense counsel did not breach an essential duty by failing to file a motion in arrest of judgment because such a motion would have been unsuccessful. *See State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996) ("Because any motion to exclude this on relevance grounds would have been meritless, defense counsel had no duty to make such a motion.").

We affirm Baxter's conviction for eluding a peace officer.

**AFFIRMED.**