**STATE of Iowa, Appellee,**

v.

**Douglas Robert POLLY, Appellant.**

**No. 02–0283.**

Supreme Court of Iowa.

Feb. 26, 2003.

Linda Del Gallo, State Appellate Defender, and David Arthur Adams, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines and Robert J. Glaser, Assistant Attorneys General, and Michael A. Riepe, County Attorney, for appellee.

STREIT, Justice.

A man caught with his pants down assaulting a nurse claims there is no proof of his sexual intent. The State charged Douglas Polly with assault with intent to commit sexual abuse with bodily injury, a class D felony, and three counts of interference with official acts. A jury convicted Polly of the charges. Polly appeals asserting ineffective assistance of counsel regarding three trial matters. Because we find Polly failed to prove ineffective assis-

tance of counsel as to each of his three claims, we affirm.

## I. Background and Facts

Douglas Polly was incarcerated at the Mt. Pleasant Correctional Facility after a felony conviction. Polly went to the facility's medical clinic complaining of severe bleeding from hemorrhoids. The examining nurse did not find any evidence of a medical problem. As the exam concluded, Polly attacked the nurse. She fought back and Polly struck her on both sides of her head. Throughout the assault Polly's pants were around his ankles.

The nurse escaped to the waiting room and called for help. Polly pulled his pants up and fled. Four officers chased after Polly. Polly fought them before being restrained. During interviews with a prison investigator, Polly admitted the attack had been sexually motivated—he planned to force the nurse to perform oral sex. Additional relevant facts will be discussed below.

The State charged Polly with assault with intent to commit sexual abuse with bodily injury, a class D felony, and three counts of interference with official acts. A jury found him guilty as charged. Polly appeals only his conviction for assault with intent to commit sexual abuse with bodily injury. He claims his trial counsel was ineffective.

## II. Scope of Review

■ We review ineffective assistance of counsel claims de novo. *State v. Myers*, 653 N.W.2d 574, 576 (Iowa 2002) (citing *Kane v. State*, 436 N.W.2d 624, 626 (Iowa 1989)).

## III. The Merits

On appeal we are asked to examine three issues. First, Polly argues his trial counsel was ineffective for failing to move for a judgment of acquittal based upon the State's alleged failure to introduce "other proof" corroborating Polly's confession of his intent to commit a sexual crime. As a related matter, Polly also argues his counsel should have requested a jury instruction requiring the jury to find such "other proof" to corroborate the crime as charged. Finally, Polly asserts his counsel was ineffective for failing to call Polly as a witness to testify on his own behalf.

■ To prove an ineffective assistance of counsel claim, Polly must show by a preponderance of the evidence: (1) trial counsel failed to perform an essential duty; and (2) prejudice resulted from counsel's error. *Myers*, 653 N.W.2d at 577 (citing *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996)); *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002); *State v. Hischke*, 639 N.W.2d 6, 8 (Iowa 2002). Failure to demonstrate either element is fatal to a claim of ineffective assistance. *Id.* We begin our discussion with the presumption that counsel acted competently. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984)). A claim of ineffective assistance is more likely to prevail when counsel lacked diligence as opposed to the exercise of judgment. *Id.* (citing *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001)).

### A. Failure to Move for Judgment of Acquittal

■ The State charged Polly with assault with intent to commit sexual abuse with bodily injury. Polly admits the evidence was sufficient to warrant a conviction of assault causing bodily injury. However, he argues there is no "other proof" to corroborate Polly's confession of intent to commit sexual assault, a crime of specific intent. Polly asserts his trial counsel was ineffective for failing to move

for a judgment of acquittal based upon the State's claimed failure to introduce "other proof" corroborating Polly's confession of his intent to sexually assault the nurse.

 The general rule is that a confession standing alone will not warrant a criminal conviction unless other proof shows the defendant committed the crime.[1] Iowa R.Crim. P. 2.21(4); *Opper v. United States*, 348 U.S. 84, 89, 75 S.Ct. 158, 162, 99 L.Ed. 101, 106 (1954) (defendant's confession requires some independent corroborating evidence in order to serve as basis for conviction); *State v. Hobson*, 284 N.W.2d 239, 243 (Iowa 1979). The requirement of corroborating evidence stems from the incidence of false confessions and the need to prevent "errors in convictions based upon untrue confessions alone." *Warszower v. United States*, 312 U.S. 342, 345 n. 2, 61 S.Ct. 603, 606 n. 2, 85 L.Ed. 876, 879 n. 2 (1941). The need for corroboration is also based in part on the belief that

> a system of criminal law enforcement which comes to depend on the "confession" will, in the long run, be less reliable and more subject to abuses than a system which depends on extrinsic evidence independently secured through skillful investigation.

*Escobedo v. Illinois*, 378 U.S. 478, 488–89, 84 S.Ct. 1758, 1764, 12 L.Ed.2d 977, 985 (1964).

Apart from the confession itself, the "other proof" against Polly consists of the following facts. Polly went to the nurse complaining of severe bleeding from hemorrhoids. The nurse took Polly into an examination room where he lowered his pants and laid face down on an exam table. The nurse did not see any inflamed tissue consistent with Polly's complaint. The only item of note was a piece of toilet paper with a very small amount of blood on it between Polly's buttocks. The nurse removed the tissue and gave Polly gauze squares to use. She told Polly he could come back the next day and see a doctor. As the nurse stepped away from the exam table, Polly lunged at her and began strangling her. The nurse fought back and Polly struck her on both sides of her head. Throughout the assault Polly's pants were around his ankles. Polly did not say anything sexually suggestive during the attack.

Polly's confessions to the prison investigator revealed the following facts. Polly admitted the attack had been sexually motivated—he planned to force the nurse to perform oral sex. He explained to the investigator that he had been watching the nurses for about five or six months. Polly determined a nurse worked alone on the weekends. Polly said he "was going to beat [the nurse] until she quit fighting." When asked if he was having sexual thoughts when he attacked the nurse, Polly responded "yes." He told the investigator he had no intention of letting her go.

---

1. Though some of the cases cited within this opinion discussing corroborating evidence dealt with admissions rather than confessions, their analyses apply with equal force here. *See, e.g., Opper v. United States*, 348 U.S. 84, 89, 75 S.Ct. 158, 162, 99 L.Ed. 101, 106 (1954). Admissions made subsequent to the commission of a crime are treated as though they were confessions replete with the same inherent weaknesses of confessions. *See id.* at 90, 75 S.Ct. at 163, 99 L.Ed. at 107. As such, admissions made after the crime must also be supported with sufficient corroborating evidence. *Id.* ("[A]n accused's admissions of essential facts or elements of the crime, subsequent to the crime, are of the same character as confessions and ... corroboration should be required."). The nature of the corroborating evidence required for such admissions is the same as the evidence required to corroborate confessions.

Polly stated he was grabbing at the nurse's clothing.

■ The question is whether Polly was prejudiced when his trial counsel failed to move for a judgment of acquittal based upon the State's claimed failure to introduce corroborating evidence of sexual intent. Prejudice is shown when "there is a reasonable probability that, but for the counsel's unprofessional error, the result of the proceeding would have been different." *State v. Hopkins,* 576 N.W.2d 374, 378 (Iowa 1998) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698). A reasonable probability is one sufficient to undermine confidence in the outcome. *State v. Kone,* 557 N.W.2d 97, 102 (Iowa Ct.App.1996). The State must prove sufficient "other proof" to corroborate Polly's confession in order for the confession itself to serve as a basis for his conviction. *See id.* (citing *Opper,* 348 U.S. at 89, 75 S.Ct. at 162, 99 L.Ed. at 106); Iowa R.Crim. P. 2.21(4). "Evidence is sufficient to support a conviction if, viewing it in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Lopez–Alvarez,* 970 F.2d 583, 589 (9th Cir.1992) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979)).

■ Polly is incorrect in asserting there must be evidence to corroborate every element of the crime charged. "Corroboration need not be strong nor need it go to the whole case so long as it confirms some material fact connecting the defendant with the crime." *State v. Liggins,* 524 N.W.2d 181, 187 (Iowa 1994); *State v. Robertson,* 351 N.W.2d 790, 793 (Iowa 1984); *State v. White,* 319 N.W.2d 213, 214 (Iowa 1982); *State v. Vesey,* 241 N.W.2d 888, 890 (Iowa 1976). The State must offer evidence to show the crime has been committed and which as a whole proves Polly is guilty beyond a reasonable doubt. However, the "other proof" itself does not have to prove the offense beyond a reasonable doubt or even by a preponderance. *See Smith v. United States,* 348 U.S. 147, 156, 75 S.Ct. 194, 199, 99 L.Ed. 192, 200 (1954). Other independent evidence " 'merely fortifies the truth of the confession, without independently establishing the crime charged.' " *Wong Sun v. United States,* 371 U.S. 471, 489, 83 S.Ct. 407, 418, 9 L.Ed.2d 441, 456 (1963) (quoting *Smith,* 348 U.S. at 156, 75 S.Ct. at 199, 99 L.Ed. at 200). "Other proof" must "support[ ] the essential facts admitted sufficiently to justify a jury inference of their truth." *Lopez–Alvarez,* 970 F.2d at 590 (quoting *Opper,* 348 U.S. at 94, 75 S.Ct. at 164, 99 L.Ed. at 109). It is the court's duty to determine the existence of corroborative evidence and the jury's obligation to determine the sufficiency of such evidence. *State v. Origer,* 418 N.W.2d 368, 371 (Iowa Ct.App.1987) (citing *White,* 319 N.W.2d at 214).

In the case before us, there is no doubt the crime of assault actually occurred. It was a tangible crime supported by the testimony of the victim. The nurse stated Polly restrained her, strangled her, and beat her causing pain and injury. The nurse's condition after the incident was consistent with the reported assault. She had bruises, scratches, and abrasions on her neck where Polly tried to strangle her. The nurse described other bruises on her hip as well. Her wounds bled. There was other independent evidence to verify the details of the crime. The facts of the crime as recounted by Polly were identical to the details as retold by the nurse at trial.

The facts of the crime circumstantially demonstrate that Polly had sexual intent when he assaulted the nurse. Polly came

to the nurse complaining of hemorrhoids. He removed his pants without being asked to do so. The nurse saw no indication that Polly had been severely bleeding as he reported. Though Polly did not touch the nurse in a sexually suggestive manner, he attacked the nurse while his pants were around his ankles. He grabbed at the nurse's clothing. These facts, including the feigned medical condition, indicate Polly's calculated plan to place himself in a position of sexual contact with the nurse. The facts tend to show not only the occurrence of a sexual crime, but also the veracity of Polly's confession as to his intent to sexually assault the nurse. Polly was free to argue these facts do not prove sexual intent, however, it was for the jury to decide. Given the above facts, Polly's confession was supported by credible "other proof" a jury would be substantially justified in believing; the evidence was therefore sufficiently reliable to support the jury's finding of guilt beyond a reasonable doubt. *See Lopez–Alvarez*, 970 F.2d at 593.

The ultimate question is whether Polly was prejudiced when his trial counsel failed to move for a judgment of acquittal based upon the State's claimed failure to introduce corroborating evidence of sexual intent. Given the weight of the evidence recited above, there is no reasonable probability the result would have been different even had the trial counsel moved for a directed verdict based upon the State's alleged failure to corroborate Polly's confession. Because Polly has not shown any prejudice, his ineffective assistance of counsel claim for his attorney's failure to move for a directed verdict fails.

### B. Failure to Request Jury Instruction on Corroboration

 Polly argues his trial counsel was ineffective for failing to request a jury instruction on corroboration. He does not point to any basis for this conclusion. In theory, every confession given by a defendant could have a corroboration jury instruction. However, Polly has not asserted his confession was false or inaccurate. He does not contend the investigator coerced him into confessing. Polly does not urge and we can find no circumstances present which would indicate the unreliability of his confession. Given the facts before us, there is no reasonable probability the result would have been different if the jury had received a corroboration instruction. In sum, Polly has not proven the prejudice prong of his ineffective assistance of counsel claim for his attorney's failure to request an instruction on corroboration; therefore his claim must fail. *See State v. Oetken*, 613 N.W.2d 679, 684 (Iowa 2000) ("We need not consider whether counsel did in fact abrogate a duty if no prejudice is evident.").

### C. Failure to Call Defendant to Testify

 Polly also brings an ineffective assistance of counsel claim for his trial counsel's failure to call Polly as a witness to testify on his own behalf. As we said before, an ineffective assistance of counsel claim generally does not lie for the exercise of judgment. *Hischke*, 639 N.W.2d at 8 (citing *Ledezma*, 626 N.W.2d at 142). Generally, the decision not to call a particular witness or the defendant to testify implicates a reasonable tactical decision. "Improvident trial strategy or miscalculated tactics" typically do not constitute ineffective assistance of counsel. *Oetken*, 613 N.W.2d at 684 (citing *Wemark v. State*, 602 N.W.2d 810, 814 (Iowa 1999)). Trial counsel's decision not to call Polly to testify clearly was a strategical decision we will not second-guess. *See Kone*, 557 N.W.2d at 102. Because Polly has failed to show his trial counsel failed in an essential duty,

his ineffective assistance of counsel claim based on this issue fails.

## IV. Conclusion

Polly's three claims of ineffective assistance of counsel fail because he failed to show either prejudice or counsel's failure to perform an essential duty. Trial counsel's failure to request a directed verdict based upon the State's claimed failure to demonstrate corroboration of Polly's confession of sexual assault did not prejudice Polly. Likewise, counsel's failure to request a jury instruction on corroboration did not result in prejudice. Trial counsel's decision not to call Polly as a witness to testify on his own behalf was a reasonable tactical decision.

**AFFIRMED.**