# IN THE COURT OF APPEALS OF IOWA

No. 14-1332
Filed May 20, 2015

**IN THE INTEREST OF A.B.,**
   **Minor Child,**

**A.B., Minor Child,**
   Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, William S. Owens, Associate Juvenile Judge.

A.B. appeals the juvenile court's orders adjudicating him delinquent, contending the State failed to corroborate his confessions to the acts constituting the offenses for which he was adjudicated delinquent. **AFFIRMED.**

James R. Underwood, Centerville, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, and Alan Wilson, Acting Appanoose County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

A.B. appeals the juvenile court's orders adjudicating him delinquent. He contends the State failed to corroborate his confessions to the acts constituting the offenses for which he was adjudicated delinquent. We affirm.

## I. Background Facts and Proceedings.

In January 2014, the State filed two delinquency petitions asserting that A.B., a minor, committed delinquent acts in connection to a fire and a theft that occurred at A.B.'s school that, had A.B. been an adult, would have constituted criminal offenses. The first petition alleged A.B. committed first-degree arson and first-degree criminal mischief for unlawfully and willfully setting a fire at the school and causing damages thereto. The second petition alleged A.B. stole another student's property having value in excess of $100 but not exceeding $500, with the intent to deprive the student thereof.

A hearing on the petitions was held in March 2014, and law enforcement and fire officials responding to the fire and theft testified. One of the officers testified that approximately eight days after the fire occurred, A.B.'s parent spoke with him and advised him that A.B. had stated he started the fire at the school. A.B.'s parent agreed to allow A.B. to be interviewed, and an interview was subsequently conducted. There, A.B. told the officer

> that he took two pieces of paper out of a notebook, looked in the hall to make sure there were no teachers around, he then went into the lounge, walked over to the couch, set two pieces of paper on the right side of the couch and lit them on fire.

The officer testified he believed A.B. would "have to know how [the fire] was started to describe it the way he did." Additionally, A.B. explained the route he

took in the school to avoid detection, and after viewing the school's surveillance video on the date of the fire, the officer believed the video corroborated the route A.B. told him he had taken after starting the fire. There were no cameras right outside of the teachers' lounge, and the officer testified he did not see any other kids in the hallways.

The same officer testified concerning the theft charged against A.B. The officer stated a student reported someone had taken her school bag. The bag was later discovered in a bathroom, and $130 belonging to the student was missing from the bag. The officer watched the school's surveillance video corresponding with the time of the theft, and the officer testified he observed A.B. "enter the bathroom with a bag, and then enter the bathroom with another bag. So two separate times [A.B.] went in and out." He testified that one of the bags A.B. had possessed in the video was the bag that had been reported "stolen and the money taken out of." The officer testified he then went to A.B.'s home and spoke with A.B. and his parent. The officer told A.B. about the video surveillance, and A.B. "admitted to it and took [the officer] to his room to collect the money that he'd taken." All but $9 was recovered from A.B.

Following the hearing, the juvenile court adjudicated A.B. to have committed delinquent acts that, had he been an adult, would have constituted (1) reckless use of fire, in violation of Iowa Code section 712.5 (2013), and fifth-

degree criminal mischief, in violation of section 716.1 and .6; and (2) fifth-degree theft, in violation of sections 714.1 and .2(5). A.B. now appeals.[1]

## II. Scope and Standards of Review.

"Delinquency proceedings are special proceedings that serve as an alternative to the criminal prosecution of a child." *In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013). Before a child can be adjudicated delinquent, the State must overcome the presumption of innocence and prove beyond a reasonable doubt the child engaged in delinquent conduct. *See* Iowa Code § 232.47(10); *A.K.*, 825 N.W.2d at 49. Although our review is de novo, we give weight to the juvenile court's factual findings, particularly when considering witness credibility; nevertheless, we are not bound by those findings. *A.K.*, 825 N.W.2d at 49. The overall "objective of the proceedings is the best interests of the child." *Id.*

## III. Discussion.

On appeal, A.B. does not dispute that he confessed to both crimes. Rather, he contends the State failed to corroborate his confessions and prove beyond a reasonable doubt each element of those crimes. The State argues he failed to preserve error as to whether certain criminal procedural rules applied to

---

[1] We observe that witness names were not placed at the top of each page where transcript testimony appears in the parties' appendix. *See* Iowa R. App. P. 6.905(7)(c) ("The name of each witness whose testimony is included in the appendix *shall* be inserted on the top of *each* appendix page where the witness's testimony appears." (emphasis added)). By this note, we do not single out these parties or their attorneys, for we have made similar observations in countless appeals. Our comment is directed to the appellate bar. While the noted infraction may seem trivial, the violated rule is not just some rigmarole designed to create more work for the appellate lawyer. Having the name at the top of each page makes it much easier for us to navigate an appendix. Compliance with the rule saves time, reduces frustration, and assists this court in meeting its mandate to achieve maximum productivity in deciding a high volume of cases. *See* Iowa Ct. R. 21.11.

his juvenile hearing, but in any event, it sufficiently corroborated his confessions with evidence testimony at the hearing. We address their arguments in turn.

### A. Error Preservation.

Under the common law rule of *corpus delicti*, which means "the body or substance of the crime charged," "an accused cannot be convicted on his or her own uncorroborated confession without proof that a crime has been committed by someone." *See* 29 Am. Jur. 2d *Evidence* § 765 (2015); *see also United States v. Corona-Garcia*, 210 F.3d 973, 978 (9th Cir. 2000); *Gov't of Virgin Islands v. Harris*, 938 F.2d 401, 408 (3d Cir. 1991). This rule is essentially embodied in Iowa Rule of Criminal Procedure 2.21(4), which provides that a defendant's confession alone is not enough to warrant a conviction unless the confession is either made in open court or "accompanied with other proof that the defendant committed the offense." *See also State v. Polly*, 657 N.W.2d 462, 467 (Iowa 2003). Thus, for the confession to serve as a basis for a defendant's conviction, "[t]he State must prove sufficient 'other proof' to corroborate [the defendant's] confession." *Polly*, 657 N.W.2d at 467. However:

> Corroboration need not be strong nor need it go to the whole case so long as it confirms some material fact connecting the defendant with the crime. The State must offer evidence to show the crime has been committed and which as a whole proves [the defendant] is guilty beyond a reasonable doubt. However, the "other proof" itself does not have to prove the offense beyond a reasonable doubt or even by a preponderance. Other independent evidence merely fortifies the truth of the confession, without independently establishing the crime charged. "Other proof" must support the essential facts admitted sufficiently to justify [an] inference of their truth.

*Id.* (internal citations, quotation marks, and alterations omitted). Moreover, the "other proof" required "may be established by circumstantial evidence." *State v.*

*Stamper*, 195 N.W.2d 110, 113 (Iowa 1972). "It is the court's duty to determine the existence of corroborative evidence and the [fact-finder's] obligation to determine the sufficiency of such evidence." *Polly*, 657 N.W.2d at 467.

The State points out that Rule 2.21(4) does not expressly apply to juvenile delinquency proceedings, and it argues A.B. failed to preserve for our review that it applies here. However, the State admits that before the district court, A.B. sought dismissal of the proceedings, asserting the State failed to supplement his confessions with other proof. Though A.B. did not make an express argument that the rule should apply in his delinquency proceedings, we believe his argument was sufficient to preserve the issue for our review.

### B. Reckless Use of Fire.

Iowa Code section 712.5, "Reckless use of fire or explosives," provides: "Any person who shall so use fire . . . as to recklessly endanger the property or safety of another shall be guilty of a serious misdemeanor." A.B. argues the district court "failed to realize that [he] was never seen on the first floor of the [school] or near the teacher's lounge," nor was he "seen on video until he was on the second floor." On our de novo review, we expressly realize these facts. Still, there was substantial "other proof" corroborating A.B.'s confession.

The officer that interviewed A.B. testified that A.B.'s confession was corroborated with the physical evidence—the couch was burned in the way and location stated by A.B., and the officer did not believe someone who did not set the fire would have known this information. Additionally, the officer testified that A.B.'s confession was further corroborated by the video recording showing A.B.'s exit after the fire in the manner stated by A.B. The testimony, along with the

photos of the couch and the video, provide other independent evidence fortifying the truth of A.B.'s confession that he started the fire, and a factfinder would be substantially justified in believing the evidence. Accordingly, we agree with the district court that the State proved beyond a reasonable doubt that A.B. recklessly used fire in violation of Iowa Code section 712.5.

### C. Criminal Mischief.

Iowa Code section 716.1 defines criminal mischief as "[a]ny damage, defacing, alteration, or destruction of property is criminal mischief when done intentionally by one who has no right to so act." Criminal mischief in the fifth degree is committed if the cost of replacing, repairing, or restoring the property that is damaged, defaced, altered, or destroyed is less than $200. *See* Iowa Code §§ 716.3-.6.

Again, A.B. asserts the State failed to corroborate his confession, arguing that the "video does not show [him] with paper and a lighter going into the teacher's lounge." Nevertheless, for the reasons stated above, we find the officer's testimony, along with the photos of the couch and the video, provide other independent evidence fortifying the truth of A.B.'s confession that he started the fire, and a factfinder would be substantially justified in believing the evidence. Accordingly, we agree with the district court that the State proved beyond a reasonable doubt that A.B. committed the offense of fifth-degree criminal mischief in violation of Iowa Code sections 712.1 and .6.

### D. Theft.

Finally, A.B. argues the State failed to corroborate his confession that he stole another student's bag and $130 from that bag. A person commits a theft

when a person "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." *Id.* § 714.1(1). Theft in the fifth degree is the theft of property not exceeding $200 in value. *Id.* § 714.2(5).

Again, the same officer testified a student had reported a bag stolen that contained $130, and the officer's review of the surveillance video showed A.B. in possession of that bag. Moreover, A.B. gave him all but $9 back after confronted with the crime. The officer's testimony, along with the video and money, provide other independent evidence fortifying the truth of A.B.'s confession that he took the bag and the cash therein, and a factfinder would be substantially justified in believing the evidence. Accordingly, we agree with the district court that the State proved beyond a reasonable doubt that A.B. committed fifth-degree theft in violation of Iowa Code sections 714.1(1) and .2(5).

### IV. Conclusion.

Here, A.B. confessed to starting the fire and taking another student's bag and the cash within that bag, and the other independent evidence presented by the State fortified the truth of A.B.'s confessions. A factfinder would be substantially justified in believing the evidence, and the evidence was therefore sufficiently reliable to support the district court's finding that A.B. committed those delinquent acts beyond a reasonable doubt. Accordingly, we affirm the juvenile court's orders adjudicating A.B. as delinquent.

**AFFIRMED.**