**IN THE COURT OF APPEALS OF IOWA**

No. 17-1667
Filed June 6, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICKY T. EATMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Marsha Bergan,

Judge.


        Defendant appeals his conviction for possession of a controlled substance

(marijuana) with intent to deliver.  **AFFIRMED.**



        Mark C. Meyer, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.



        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Ricky Eatman appeals his conviction for possession of a controlled substance (marijuana) with intent to deliver. We find there is a sufficient factual basis to support Eatman's guilty plea. Because there is a sufficient factual basis, defense counsel did not have an obligation to object to the guilty plea. We affirm Eatman's conviction.

## I.      Background Facts & Proceedings

Eatman was charged with possession of a controlled substance (marijuana) with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2014), a class "D" felony. According to the minutes of testimony, officers found a digital scale with marijuana residue on it in Eatman's apartment, as well as a Mason jar and sandwich bag filled with marijuana. The minutes state, "The Defendant admitted the substance was marijuana, it belongs to him, and that he sells it."

Eatman entered into a plea agreement in which he agreed to plead guilty to the charge and the State agreed to join Eatman in recommending a deferred judgment. At the plea hearing, held on December 8, 2014, Eatman agreed if officers appeared at trial they would testify as summarized in the minutes. The court stated, "The court finds that the Trial Information and the Minutes of Testimony provide a factual basis for the charge and the defendant's plea of guilty." The court then questioned Eatman, who initially stated he had a Mason jar full of marijuana for personal use. After discussing the matter with his attorney, Eatman stated he intended to distribute the marijuana to other people. The court accepted Eatman's guilty plea.

Apparently, Eatman's whereabouts were unknown for a period of time, as sentencing was held seven months later on July 10, 2017.  At sentencing, Eatman received a deferred judgment and was placed on probation for three years.  As a condition of his probation, he was required to reside in a residential correctional facility.  Eatman violated the rules of the facility and the court revoked his deferred judgment.  Eatman was subsequently found guilty of possession of a controlled substance (marijuana) with intent to deliver and sentenced to a term of imprisonment not to exceed five years.  He now appeals, claiming he received ineffective assistance of counsel.

## II.    Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).  To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial.  *Id.*  A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance.  *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III.    Ineffective Assistance

Eatman claims he received ineffective assistance because defense counsel permitted him to plead guilty to possession of a controlled substance (marijuana) with intent to deliver when there was not a factual basis in the record for the plea. He states the record shows he did not intend to sell the marijuana but only intended to share it with his friends.  Eatman states there was insufficient evidence to show

the appropriate offense was possession with intent to deliver and not an accommodation offense under section 124.410, which occurs if a defendant possesses "one-half ounce or less of marijuana which was not offered for sale . . . ."

"It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Id.* at 62. "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Id.* A sufficient factual basis can be determined by the minutes of testimony. *Id.*

According to the minutes of testimony, officers would state, "The Defendant admitted the substance was marijuana, it belongs to him, and that he sells it." In addition, there was evidence Eatman had a digital scale with marijuana residue on it and marijuana in a baggy. When asked by the court at the plea-hearing if the officers "would testify as summarized in the Minutes of Testimony," Eatman replied, "Yeah." The court then stated, "The court finds that the Trial Information and the Minutes of Testimony provide a factual basis for the charge and the defendant's plea of guilty."[1] Eatman's statement as recorded in the minutes, in addition to the evidence of the scale and marijuana in a baggy supports a finding

---

[1] After the court had already found there was a factual basis for the charge, Eatman told the court about the offense in his own words. He initially stated all of the marijuana was for his personal use, and he intended to use some and share some with his friends. Eatman's statements show an intent to distribute.

of an intent to sell. In such a situation, an accommodation offense under section 124.410 would not apply.

We find there is a sufficient factual basis to support Eatman's guilty plea for possession of a controlled substance (marijuana) with intent to deliver. Because there is a sufficient factual basis, defense counsel did not have an obligation to object to the guilty plea. "Counsel does not fail to perform an essential duty by failing to raise a meritless objection." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).

We affirm Eatman's conviction.

**AFFIRMED.**