**IN THE COURT OF APPEALS OF IOWA**

No. 17-1013
Filed June 6, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHAD P. FINN,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


    Defendant appeals his conviction for possession of a controlled substance (methamphetamine) with intent to deliver. **AFFIRMED.**



    Thomas A. Hurd of Glazebrook & Hurd, L.L.P., Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.



    Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Chad Finn appeals his conviction for possession of a controlled substance (methamphetamine) with intent to deliver. We find Finn has not shown he received ineffective assistance of counsel. The evidence does not show the State breached the terms of the plea agreement and, therefore, defense counsel did not have an obligation to object. We affirm Finn's conviction.

## I. Background Facts & Proceedings

Finn was charged with possession of a controlled substance (methamphetamine) with intent to deliver, in violation of Iowa Code section 124.401(1)(c) (2016), a class "C" felony. He signed a written plea agreement in which he agreed to plead guilty to the charge and "[t]he State will recommend supervised probation, recognizing the Court may grant a deferred judgment." The district court accepted Finn's guilty plea.

At the sentencing hearing, held on June 8, 2017, the following exchange occurred:

> THE COURT: What is the State's recommendation?
> PROSECUTOR: Your Honor, the State recommends that the Court sentence Mr. Finn to 10 years of incarceration at the Department of Corrections; that that sentence be suspended; that he be placed on 3 years of probation; that his driver's license be suspended for 180 days; that he provide a DNA sample; and the State has no objection to the Court declining to impose any minimum under 124.413.
> THE COURT: In other words, deferring that decision, counsel?
> PROSECUTOR: No.
> THE COURT: I am not sure I understand what you are recommending.
> PROSECUTOR: I am saying that the Court need not—that there are sufficient extenuating circumstances to not impose a

124.413 minimum. And on July 1st, even if you did impose it, it would vanish into nothing.

THE COURT: Now I understand what you are telling me. Thank you.

Defense counsel also initially requested supervised probation. The court sentenced Finn to a term of imprisonment not to exceed ten years, suspended the sentence, and placed him on probation for two years. The court stated:

> The reasons for the Court's sentence are first of all, it incorporates and adopts the plea agreement of the parties, which the Court finds to be fair and reasonable under the circumstances, and the Court determines that the sentence imposed will provide properly for the reform and rehabilitation of Mr. Finn and for the protection of the community.

At the close of the hearing, defense counsel stated Finn was also requesting a deferred judgment. The court stated it would consider the request and asked the parties to address it. The prosecutor stated, "The State abides by its plea agreement and—where we were not objecting to it." The following then occurred:

> THE COURT: What position does the State take on the merits in regards to the defendant's request for a deferred judgment?
> PROSECUTOR: The State believes that if—it appears the Defendant is eligible.
> THE COURT: Does the State resist or join in the request for a deferred judgment?
> PROSECUTOR: The State recognizes that it is within the Court's power to grant it here today.
> THE COURT: All right.

The court denied the request for a deferred judgment, noting Finn's lengthy criminal history. Finn now appeals, claiming he received ineffective assistance of counsel.

## II.       Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III.      Ineffective Assistance

Finn claims he received ineffective assistance because defense counsel did not object when the prosecutor responded, "No," to the court's question, "In other words, deferring that decision, counsel?" Finn states the prosecutor's response was contrary to the terms of the plea agreement, which provided the State would "recommend supervised probation, recognizing the Court may grant a deferred judgment." Finn claims the State's negative response breached the plea agreement by indicating the State was opposed to Finn receiving a deferred judgment.

Finn's argument misapprehends the gist of the exchange between the court and the prosecutor. At the end of his recommendation, the prosecutor indicated the State would not object if the court declined to impose a mandatory minimum sentence under section 124.413. The court then asked if "that decision" should be deferred, and the prosecutor said, "No." The court asked for further clarification and the prosecutor again stated a mandatory minimum sentence did not need to

be imposed.[1]  Based on the prosecutor's statements after the court stated, "I am not sure I understand what you are recommending," we find the prosecutor was not indicating whether Finn should receive a deferred judgment but was making a recommendation about whether a mandatory minimum sentence should be given.

Furthermore, when the issue of whether Finn should receive a deferred judgment was explicitly raised, the prosecutor's response followed the terms of the plea agreement.  The prosecutor stated, "the State abides by its plea agreement and—where we were not objecting to it."  Also, when asked if the State resisted or joined in the request for a deferred judgment, the prosecutor stated, "The State recognizes that it is within the Court's power to grant it here today," which follows the plea agreement providing the State would "recogniz[e] the Court may grant a deferred judgment."

We find Finn has not shown he received ineffective assistance of counsel. The evidence does not show the State breached the terms of the plea agreement and, therefore, defense counsel did not have an obligation to object.  We affirm Finn's conviction.

**AFFIRMED.**

---

[1]  The prosecutor noted even if a mandatory minimum sentence were imposed, on July 1, 2017, "it would vanish into nothing."  This is because at the time of the hearing, on June 8, 2017, section 124.413 had been amended, to be effective on July 1, 2017, to eliminate the requirement of a mandatory minimum sentence for those convicted under section 124.401(1)(c), as was Finn.  *See* 2017 Iowa Acts ch. 122, § 10.