# IN THE COURT OF APPEALS OF IOWA

No. 17-1361
Filed January 9, 2019

**STEVE THOMAS SCHNEIDER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Carroll County, Dale E. Ruigh, Judge.

Applicant appeals the district court decision denying his request for postconviction relief from his convictions of six counts of third-degree sexual abuse. **AFFIRMED.**

Jennifer Frese of Johnson, Bonzer & Barnaby, PLC, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., Bower, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

Steve Schneider appeals the district court decision denying his request for postconviction relief from his convictions of six counts of third-degree sexual abuse. We find Schneider has not shown he received ineffective assistance of counsel during his criminal trial. We affirm the district court's decision denying his request for postconviction relief.

## I.    Background Facts & Proceedings

On December 23, 2013, the State filed a trial information charging Schneider with two counts of sexual abuse in the second degree and four counts of sexual abuse in the third degree. The State alleged Schneider engaged in sex acts with his niece, C.N. The trial information covered the time period from November 2006 to September 2009.

Schneider filed notice of his intent to depose C.N. and her mother, who were then living in Florida. He asked to have the depositions taken in Iowa, and the State resisted this request. The district court ruled "it is the defendant's responsibility to procure the witnesses for deposition" and he would bear the costs of deposing out-of-state witnesses. C.N. and her mother were not deposed before the criminal trial.

Schneider gave notice he had an alibi for the time periods from June 2007 to June 2008 and July 2010 to September 2011, when he was serving in the Army overseas. At a pre-trial conference, the district court raised the issue of whether the dates in the trial information should be more specific. Schneider then filed a motion for bill of particulars. On April 28, 2014, the day before trial, the State filed an amended trial information charging Schneider with six counts of third-degree

sexual abuse, in violation of Iowa Code section 709.4(2)(b) (2009). The first count corresponded to January 2009, the second to February 2009, and so forth, ending with the sixth count corresponding to June 2009.

A jury found Schneider guilty on all six counts of third-degree sexual abuse. The district court denied Schneider's motion for a new trial. He was sentenced to a term of imprisonment not to exceed ten years on each count, with the sentences on the first four counts to run consecutively with each other and the sentences on the fifth and sixth counts to run concurrently, for a total of forty years in prison. Schneider's convictions were affirmed on appeal. *State v. Schneider*, No. 14-1113, 2015 WL 2394127, at *10 (Iowa Ct. App. May 20, 2015).

On December 29, 2015, Schneider filed an application for postconviction relief, claiming he received ineffective assistance of counsel because defense counsel did not take the depositions of C.N. and her mother or object to the amendment of the trial information. After a hearing, the district court denied Schneider's request for postconviction relief. The court found he had not shown he received ineffective assistance of counsel. Schneider now appeals.

II.     **Standard of Review**

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *Id.* An applicant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

### III.     Ineffective Assistance

**A.**     Schneider claims he received ineffective assistance because defense counsel did not depose C.N. or her mother.  He points to inconsistencies between their pre-trial statements and their testimony at trial.  He claims if depositions of these witnesses had been taken, defense counsel would have been better able to impeach them.  He states he was prejudiced because defense counsel did not adequately cross-examine C.N. or her mother.

In a deposition, one of Schneider's defense attorneys stated:

> You know, we had debated whether we were going to take [C.N.]'s deposition or not.  We ultimately decided not to and the reason being was we had several police reports where she was interviewed, fairly lengthy interviews.
> And then we had the two forensic interviews where I had the videos of them where I could watch them myself, plus I had them transcribed.  And they were all consistent.  And we had a fairly good understanding of what her testimony was going to be at trial.  I believe [the other defense counsel] was in agreement with the decision not to depose [C.N.]
> We talked about that with Steve at length.  He never raised any objections to that.  And as far as my memory was he was in agreement with not taking her deposition.  We didn't want to lose the element of surprise at trial and didn't want to give her a road map of potentially where we were going to go.
> And again, we felt comfortable with that strategy because we had so much information relative to what her answers were to specific questions with the forensic interviews, the police reports, etc.

The second defense counsel stated, "We thought that we had enough information based on the two forensic interviews that we received transcripts from that we would be adequately prepared to cross-examine her at trial."  He also stated, "And we decided and Mr. Schneider concurred that rather than tip our hand, if you will, or throw a—telegraphing your pass, if you will, we would not depose her."

Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel. *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001). "Thus, claims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention to the responsibilities of an attorney guaranteed a defendant under the Sixth Amendment." *Id.* "[S]trategic decisions made after 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).

We find defense counsel made a strategic decision to not depose C.N. and her mother prior to trial. Defense counsel was already aware of the witnesses' prior statements and could impeach them with inconsistencies between the prior statements and testimony at trial. As defense counsel stated, "We didn't want to lose the element of surprise at trial and didn't want to give her a road map of potentially where we were going to go." We conclude Schneider has failed to show he received ineffective assistance due to defense counsels' strategic decision to not take depositions prior to trial.

**B.** Schneider also claims he received ineffective assistance because defense counsel did not object to the amendment of the trial information or request a continuance. He states the amendment wiped out his alibi defense. He claims the late amendment left his counsel unprepared and they should have asked for a continuance to be able to defend against the amended charges.

Regarding the amendment to the trial information, one defense counsel pointed out it was not a surprise because the amendment related to a time period

within the original time frame, and they were prepared to defend over the larger time frame. He noted the alibi defense would not have covered the entire time period from the original trial information. He stated a continuance was not necessary because "I was totally prepared to go to trial." The other defense counsel stated:

> We were relieved. Originally it's my memory that the original Trial Information charged Mr. Schneider with two Class B felonies. Those charges were dropped and I believe two additional C's were included.
>
> We were prepared to defend Mr. Schneider with the original Trial Information, which if my memory serves me correct, it included a longer time span than the reduced charges or, excuse me, the amended charges. I believe it was from January to June of 2009, I believe.
>
> So in our opinion we knew exactly what the allegations were. And again, we felt relieved as Mr. Schneider's attorney that the Trial Information was in fact amended.

We determine Schneider has not shown he received ineffective assistance due to defense counsels' decision not to object to the amended trial information or seek a continuance due to the amendment. The amended trial information was beneficial to Schneider because instead of being charged with two class "B" felonies and four class "C" felonies, he was charged with six class "C" felonies. The amendment also helped the defense by narrowing the time period they needed to cover. Defense counsel was prepared to defend Schneider for the longer time period set out in the original trial information, so did not need additional time to prepare a defense for the shorter time period, which had been part of the longer period covered in the original trial information.

We affirm the district court decision denying Schneider's request for postconviction relief.

**AFFIRMED.**