# IN THE COURT OF APPEALS OF IOWA

No. 17-1535
Filed March 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID LEE FISHER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Appanoose County, Joel D. Yates, Judge.

        Defendant appeals his conviction for burglary in the third degree. **AFFIRMED.**

        Robert Warren Conrad, Knoxville, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., Tabor, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

David Fisher appeals his conviction for burglary in the third degree. We find Fisher's claims of ineffective assistance of counsel should be preserved for possible postconviction-relief proceedings because the present record is not adequate to address these issues on direct appeal. We affirm Fisher's conviction.

On May 31, 2016, at about 10:00 p.m., James Milani was driving by a machine shed at Milani Farms, where he was employed, and saw a light was on, the door was open, and a pickup was parked by the building. Milani stopped his vehicle, but, before he could get out, three people "moved quickly" from the machine shed and got into the pickup. The vehicle drove passed him, and Milani saw the driver; he stated he recognized the person but did not know his name. Milani called 911. He described the vehicle as a maroon Ford 150 pickup with dual exhaust pipes. No items were taken from the machine shed, but some tools and equipment had been piled by the door.

Within a few days, Deputy Jonathon Printy saw a vehicle matching the description given by Milani. The vehicle was registered to Fisher. Deputy Harold Burke sent Milani a picture of the vehicle and a picture of Fisher. Milani also saw the pickup in the parking lot for Carter-Miller Services, which provided garbage-removal services for Milani Farms. He identified the vehicle as the one he saw on May 31. Milani stated one of the tail pipes was bent, which matched his recollection of the pickup. Additionally, Milani identified Fisher from the photograph. Fisher was employed as a garbage truck driver for Carter-Miller Services, and Milani Farms was on his route. Milani stated he previously saw Fisher when he was picking up garbage at Milani Farms.

Fisher was charged with burglary in the third degree, in violation of Iowa Code section 713.6A(1) (2016). At the jury trial, Fisher testified he did not commit the burglary. He stated he went to bed early that evening because he needed to get up at 4:00 a.m. the next day. He stated he did not have a bent tailpipe but one of the tailpipes hung down a little farther than the other. Fisher stated he was disabled. He presented evidence the burglary could have been committed by a different person who had a similar pickup. The other pickup, however, had a different hood, a silver stripe, and custom taillights.

The jury found Fisher guilty of third-degree burglary. The district court denied his motion for a new trial. Fisher was sentenced to a term of imprisonment not to exceed five years, the sentence was suspended, and he was placed on probation.

Fisher now appeals, claiming he received ineffective assistance of counsel. Fisher claims he received ineffective assistance because defense counsel did not (1) file notice of an alibi defense; (2) object to the photographic identification on the basis of due process; and (3) file a motion for change of venue.

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

Generally, we preserve claims of ineffective assistance of counsel for postconviction-relief proceedings. *State v. McNeal*, 867 N.W.2d 91, 105 (Iowa 2015). We will address claims of ineffective assistance on direct appeal only when the record is adequate. *Id.* at 106. "We prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge." *Id.* at 105 (quoting *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006)). "This is especially appropriate when the challenged actions concern trial strategy or tactics counsel could explain if a record were fully developed to address those issues." *Id.* at 105–06. "It is a rare case in which the trial record alone is sufficient to resolve a claim on direct appeal." *Id.* at 106 (citing *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006)).

We find Fisher's claims of ineffective assistance of counsel should be preserved for possible postconviction-relief proceedings. The present record is not adequate for us to address his claims defense counsel should have filed notice of an alibi defense, objected to the photographic identification, and filed a motion for change of venue. In addition, defense counsel should be given an opportunity to respond to Fisher's claims.

We affirm Fisher's conviction.

**AFFIRMED.**