# IN THE COURT OF APPEALS OF IOWA

No. 18-0709
Filed January 9, 2020

**ADAM JOHN PITMAN,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lee (South) County, Mary Ann Brown, Judge.

The applicant appeals the district court decision denying his request for postconviction relief from his conviction for first-degree murder. **AFFIRMED.**

Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Doyle, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Adam Pitman appeals the district court decision denying his request for postconviction relief from his conviction of first-degree murder. Pitman claims he received ineffective assistance because defense counsel did not present a defense of diminished responsibility. Defense counsel considered the defense and rejected it due to a lack of expert witness support. We conclude Pitman has failed to show he received ineffective assistance of counsel. We affirm the district court's decision denying his request for postconviction relief.

## I.      Background Facts & Proceedings

On August 30, 2011, an officer stopped a vehicle driven by Pitman due to non-functioning taillights. The officer observed Pitman "dumping what appeared to be prescription pills into his mouth." The officer got Pitman to spit out at least some of the pills. Pitman told the officer he had just killed his mother. When officers checked Pitman's home, they found the body of Pitman's mother. Her death was by strangulation.

Pitman was taken to a hospital for treatment of a potential overdose. Pitman stated he was bipolar and had schizophrenia. He also stated he was a methamphetamine addict. He told hospital staff he recently consumed synthetic marijuana and snorted bath salts. Additionally, he took prescribed medications for anxiety and depression.

Pitman was charged with murder in the first degree, in violation of Iowa Code section 707.2 (2011). Defense counsel filed notice of the defenses of intoxication, diminished capacity, and insanity. Pitman had an evaluation with

Dr. Frank Gersh on November 19, 2011. According to defense counsel,[1] Dr. Gersh submitted a report stating there was no tenable basis for the defenses of diminished capacity or insanity, so defense counsel relied upon the defense of intoxication.

During the criminal trial, Dr. Paul Perry, a pharmacist, testified Pitman voluntarily snorted bath salts but he became involuntarily intoxicated because he usually used Circle V bath salts, but these were unavailable, so he used Night Lights bath salts, which gave him a much greater affect than he anticipated. Dr. Perry also stated Pitman may have been exposed to a higher dosage of bath salts than he was used to on the day of the murder. Dr. Perry gave the opinion Pitman was unable to form the specific intent to commit the offense based on his use of synthetic marijuana and bath salts.

Dr. Michael Flaum, a psychiatrist, saw Pitman when he was brought into the hospital on the day of the incident. Dr. Flaum testified Pitman had a history of mental-health problems and substance abuse. Dr. Flaum found Pitman was intoxicated but appeared to understand reality and did not show any signs of delusions or hallucinations. Dr. Flaum was "struck by how freely [Pitman] was admitting those actions. It seemed like someone who was not thinking clearly about the consequences of making those kinds of comments."

The jury did not accept Pitman's intoxication defense and found him guilty of first-degree murder. He was sentenced to prison for the rest of his life. Pitman's conviction was affirmed on appeal. *State v. Pitman*, No. 12-1743, 2014 WL

---

[1] An affidavit was submitted from one of Pitman's two defense attorneys.

251899, at *12 (Iowa Ct. App. Jan. 23, 2014). We determined there was sufficient evidence in the record to show Pitman had the specific intent to kill his mother. *Id.* at *8.

Pitman filed an application for postconviction relief. He claimed he received ineffective assistance because defense counsel did not present a defense of diminished responsibility. Dr. James Gallagher, a psychiatrist, reviewed Pitman's medical records. Dr. Gallagher found Pitman was prone to impulsive behavior, which was "consistent with borderline personality disorder combined with substance abuse." Dr. Gallagher stated:

> All that can be said is that if Mr. Pitman was under the influence of the drugs as he said he was, his tendency toward impulsivity could have been accentuated especially in conjunction with his basic unstable personality functioning. There is insufficient evidence to say that he was psychotic or delusional at the time. If he was using benzodiazepines, such medications could function to disinhibit an individual, resulting in more impulsive behavior.

The district court denied Pitman's request for postconviction relief. The court stated:

> As to Pitman's mental condition, the record discloses that trial counsel performed their duty by having Pitman evaluated early on in the case to determine whether he had any competency or diminished responsibility issues. That examiner's report did not give them any information to support such a defense. Just because Pitman has now found a different expert that may provide a basis for a diminished responsibility defense does not mean that trial counsel failed to perform an essential duty by choosing to follow the recommendation of the expert they retained at the time of the original case. As a result, the court finds no basis in the argument that trial counsel used an erroneous trial strategy.

The court found Pitman failed to show defense counsel failed to perform an essential duty or that he was prejudiced by counsel's performance. The court

concluded Pitman did not establish that he received ineffective assistance of counsel. Pitman now appeals.

## II. Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *Id.* An applicant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III. Ineffective Assistance

Pitman claims he received ineffective assistance because defense counsel did not present a defense of diminished responsibility. "[D]iminished responsibility may be offered as a defense where an accused, because of a limited capacity to think, is unable to form a necessary criminal intent." *State v. Collins*, 305 N.W.2d 434, 436 (Iowa 1981). Diminished responsibility may provide a defense to the element of specific intent in an offense. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). The specific intent to kill is an element of first-degree murder. *State v. Serrato*, 787 N.W.2d 462, 469 (Iowa 2010). Pitman asserts that if a diminished-responsibility defense had been presented, the jury likely would have found he did not have the requisite specific intent and would have found him guilty of second-degree murder, rather than first-degree murder.

"Crafting a trial strategy is inherently difficult, so we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."'" *State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018) (citations omitted). "In accordance with this presumption, counsel fails his or her essential duty by 'perform[ing] below the standard demanded of a reasonably competent attorney.'" *Id.* (alteration in original) (citation omitted). "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001).

Defense counsel considered the defense of diminished responsibility and filed notice of the defense. Defense counsel arranged for Pitman to have a mental evaluation with Dr. Gersh prior to the trial. Dr. Gersh reported "there was no tenable basis for the continued advancement of the defenses of insanity or diminished capacity." After Dr. Gersh's evaluation, defense counsel did not have the support of an expert to testify in support of a defense of diminished responsibility. Defense counsel proceeded with the defense of intoxication.

We find Pitman has not shown the conduct of defense counsel was outside the range of normal competency. *See Pettes v. State*, 418 N.W.2d 53, 56–57 (Iowa 1988) ("In view of the equivocal nature of the doctor's reports supporting the defense of diminished capacity, . . . we do not believe [the decision declining to raise that defense] was beyond the range of normal competency."); *see also Gordon v. State*, No. 09-1067, 2010 WL 1377040, at *3 (Iowa Ct. App. Apr. 8, 2010) (finding defendant did not receive ineffective assistance where the

defendant was evaluated by a psychiatrist and based on the report, defense counsel determined a diminished responsibility defense was not feasible).

We agree with the district court's findings:

> Trial counsel reasonably investigated whether Pitman would be able to offer some type of mental health defense. The opinion rendered by their expert indicated such a defense was not available. As a result, counsel then pursued another option of intoxication as a defense. This was reasonable and appropriate given the facts in this case. There is nothing in the record to indicate that counsel failed to perform an essential duty. As a result, the court concludes that the Applicant has failed to establish grounds to support his claim of ineffective assistance of counsel.

We are also not convinced trial counsel failed to perform an essential duty in arguing the intoxication defense without relating it back to Pitman's underlying mental conditions. Pitman's underlying mental issues were in the record, and the jury had the ability to consider all of Pitman's circumstances in reaching their ultimate conclusion.

We conclude Pitman has failed to show he received ineffective assistance of counsel. We affirm the district court's decision denying his request for postconviction relief.

**AFFIRMED.**