# IN THE COURT OF APPEALS OF IOWA

No. 24-1095
Filed April 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JASON MICHAEL HAIRE JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

Jason Haire Jr. appeals his conviction for sexual abuse in the second degree. **AFFIRMED.**

Debra S. De Jong, Orange City, for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, for appellee.

Considered without oral argument by Chicchelly, P.J., Langholz, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BOWER, Senior Judge.**

Jason Haire Jr. appeals his conviction for sexual abuse in the second degree, challenging the sufficiency of the evidence supporting his conviction. Upon our review, we affirm.

## I.      *Background Facts and Proceedings*

J.G., a thirteen-year-old at the time of this case, lived a block away from Rachel, a family friend.  J.G. frequented Rachel's home to babysit and help with household chores.   At the time, Haire lived with Rachel and several other individuals.  In early 2024, Haire sexually abused J.G.  A few weeks after the incident, J.G. informed her father of the abuse, which her mother reported to police.

The police interviewed Haire, who admitted to sexual contact between himself and J.G.  The State filed a trial information charging Haire with second-degree sexual abuse.  At trial, J.G. testified at length about the incident.  The State also presented DNA analysis of a pair of underwear worn by J.G. implicating Haire. After the State's case-in-chief, Haire moved for judgment of acquittal.  The district denied the motion, and the jury found Haire guilty of sexual abuse in the second degree.  Haire filed a motion for a new trial, which the district court denied.  Haire appeals, challenging the sufficiency of the evidence to support his conviction.

## II.      *Standard of Review*

We review the sufficiency of the evidence for correction of errors at law. *State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022).  "In reviewing the sufficiency of the evidence, we are highly deferential to the jury's verdict.  The jury's verdict binds this court if it is supported by "substantial evidence."  *Id.*  Evidence is substantial if it can convince a rational fact finder of the defendant's guilt beyond a

reasonable doubt. *Id.* at 516–17. To determine if the jury's verdict is supported by substantial evidence, "we view the evidence in the light most favorable to the State." *Id.* at 517. This includes reasonable inferences and presumptions deducible from the record. *Id.*

### III.    Sufficiency of the Evidence

Haire's sexual-abuse charge arose from J.G.'s claim he inserted his finger, and then his penis, into her vagina. The jury was instructed the State must prove the following elements of sexual abuse in the second degree:

> 1. In February of 2024, the Defendant performed a sex act with J.G. by penetration of his penis into her vagina and/or by placing his finger or hand into her genitals
> 2. The Defendant performed the sex act while J.G. was under the age of 14 years.

*See* Iowa Code § 709.3 (2024) (defining second-degree sexual abuse). The jury found the State proved both elements and found Haire guilty as charged.

On appeal, Haire contests the sufficiency of the evidence without reference to either element. He contends J.G.'s testimony was inconsistent, the analysis of the underwear inconclusive, and the lack of evidence regarding J.G.'s forensic interview, medical examination, and behavior while disclosing the abuse all points towards insufficiency. Haire does not dispute his admissions made to the police. Specifically, Haire admitted to penetrating J.G. with his penis. Haire is correct his admission must be corroborated pursuant to Iowa Rule Criminal Procedure 2.21(4), and the State did so in this case.

Our supreme court has found the testimony of a victim alone constitutes substantial evidence in sexual-abuse cases. *See Mathis*, 971 N.W.2d at 518; *State v. Donahue*, 957 N.W.2d 1, 10–11 (Iowa 2021). J.G.'s testimony was

consistent with respect to a material element of the crime present in Haire's admission—the occurrence of penetrative sex. Haire points to several inconsistencies, including J.G. mistaking which parent she first told about the abuse and minor differences in Haire's recollection of events and J.G.'s.[1] For the purpose of corroboration, it is only required for evidence to "confirm[] some material fact connecting the defendant with the crime." *State v. Polly*, 657 N.W.2d 462, 467 (Iowa 2003). It is not necessary, as Haire maintains, for every detail in both stories to line up. "Inconsistencies and lack of detail are common in sexual abuse cases and do not compel a jury to conclude . . . there is insufficient evidence to support a guilty verdict." *Donahue*, 957 N.W.2d at 11. Without a "fatal contradiction" in the victim's testimony, the disputes raised by Haire are to be considered by the jury. *See Mathis*, 971 N.W.2d at 518–19; *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) ("Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence." (alteration in original) (citation omitted)).

Haire's dispute over the underwear is also unpersuasive. Although the seminal fluid found on the underwear could not be compared with Haire's DNA due to small sample size, it is probative circumstantial evidence suggesting sexual contact occurred in line with J.G.'s testimony and Haire's admission. *See State v. Jones*, 967 N.W.2d 336, 342 (Iowa 2021) (stating direct and circumstantial evidence are equally probative).

---

[1] These details include what J.G. was wearing at the time of the abuse, whether anyone else was present in the room when the abuse occurred, and the time of day the abuse took place.

Haire's last argument goes to several pieces of evidence the State did not introduce at trial. He cites *State v. Hilliard*, which provided several grounds for which a jury could have considered the credibility of the victim, including consistency with an earlier forensic interview. No. 17-1336, 2018 WL 4923000, at *3 (Iowa Ct. App. Oct. 10, 2018). But credibility is an issue for the jury. *See Mathis*, 971 N.W.2d at 518. The jury was free to accept or reject J.G.'s testimony based on any perceived lack of credibility arising from the lack of additional corroborating evidence, or the minor inconsistencies noted earlier. *See id.* "Appellate review of the jury's verdict is not the trial redux. In considering a challenge to the sufficiency of the evidence, it is not the province of the court . . . to pass upon the credibility of witnesses . . . such matters are for the jury." *Id.* at 519 (cleaned up).

Haire can point to nothing in the record disputing either element of the crime. Both J.G.'s testimony and his own admission show he had sexual contact with J.G., who was under fourteen when it occurred. Viewing the record in the light most favorable to the State, substantial evidence supports Haire's conviction for sexual abuse in the second degree. We affirm.

**AFFIRMED.**