# IN THE COURT OF APPEALS OF IOWA

No. 18-0070
Filed January 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KAMESHA HOUSTON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, John Telleen (plea) and Mark J. Smith (sentencing), Judges.

Kamesha Houston appeals her convictions for possession of marijuana and carrying weapons, claiming a lack of factual basis for the carrying-weapons plea, and the court erred in sentencing. **VACATED IN PART AND REMANDED.**

Nathan Legue of Legue Law, PC, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Kamesha Houston appeals her conviction and sentence for possession of marijuana and carrying weapons. She contends her counsel provided ineffective assistance in allowing her to plead guilty to a carrying-weapons charge without a factual basis, and the district court abused its discretion in imposing sentence. We find the court applied her guilty plea to the wrong carrying-weapons count and vacate that conviction. We remand for further proceedings.

### I.    Background Facts & Proceedings

On May 30, 2017, Houston was pulled over by law enforcement for speeding. The officer could smell marijuana inside the vehicle and asked Houston and her passenger to step out of the vehicle. The officer began to search the vehicle and found two small baggies of marijuana and 9mm ammunition in the center console. Houston indicated to the officer the marijuana in the console belonged to both her and her passenger and she had a loaded 9mm gun in her purse with an Illinois permit to carry a weapon. The gun and permit were found in her purse; the permit did not authorize the carrying of a concealed weapon. The officer also found more marijuana and a .22-caliber pistol in a black backpack in the back seat of the vehicle within reach of both the driver and passenger seats. Houston denied knowing who owned the weapon in the backpack.[1] The officer arrested Houston for possession of marijuana, first offense, and carrying weapons.

On June 28, the State filed a trial information accusing Houston of four counts: Count I, conspiracy to possess with intent to deliver marijuana, in violation

---

[1]   Houston's passenger denied the .22-caliber weapon was his and had a large plastic bag of marijuana concealed in his clothes.

of Iowa Code section 124.401(1)(d) and (e) (2017); Count II, possession with intent to deliver marijuana, in violation of section 124.401(1)(d) and (e); Count III, carrying weapons by going armed with a .22-caliber pistol, in violation of section 724.4(1); and Count IV, carrying weapons by going armed with a 9mm pistol, in violation of section 724.4(1).

On October 11, Houston and the State filed a memorandum of plea agreement drafted by the State. The plea agreement provided as the proposed disposition: "The Defendant will plead guilty to Count 4 as charged. Defendant will plead to the lesser included offense of Possession of a Controlled Substance (Marijuana 1st offense). The State will dismiss Counts 2 and 4 with costs to the Defendant." The agreement was signed by Houston, her attorney, and the assistant county attorney. In her written plea, Houston stated, "I possessed marijuana in the center console for personal use; I legally owned a 9mm handgun but impermissibly had it in my purse."

The court's order accepting her plea stated Houston had entered pleas to Counts I and III. The plea hearing was not recorded or reported. The order accepting the plea does not indicate Houston agreed to plead to Count III instead of Count IV. No record indicates Houston's counsel made any objection or attempt to clarify with the court which weapons charge Houston was pleading to.

Counsel represented Houston at her sentencing hearing, but Houston did not appear. Her counsel waived reporting and record of the hearing. Houston requested a deferred judgment in light of having no prior criminal history. During the sentencing hearing, the court made a statement that "there has been a lot of

gun crime" prior to entering sentence.[2]  The court imposed a two-day suspended sentence for the possession offense and thirty-days suspended sentence for the weapons charge, as well as applicable fines and surcharges.  Houston was placed on probation.  Houston appeals.

## II.     Standard of Review

We review of claims of ineffective assistance of counsel de novo.  *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial.  *Id.*  A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance.  *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion.  *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015).  "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds."  *Id.* at 553 (citation omitted).

## III.     Merits

Houston makes three claims on appeal.  First, she claims her attorney provided ineffective assistance in allowing her to plead guilty to Count III without a factual basis when she had provided a factual basis for Count IV.  Next, she claims

---

[2]  Houston's counsel submitted an uncontested affidavit with the court's comment in a Statement of Proceedings under Iowa Rule of Appellate Procedure 6.806, which the court approved.

the court considered an improper factor in its sentencing—the recent prevalence of gun crimes. Finally, Houston claims the court abused its discretion by not granting her request for a deferred judgment.

A. **Factual Basis.** Houston claims her counsel provided ineffective assistance by allowing her to plead guilty to a charge without a sufficient factual basis. The problem originates in the plea agreement, which required Houston plead to and the State to dismiss the same weapons count. Paragraph two of the agreement states Houston will plead guilty to a lesser-included of one of the drug offenses and to Count IV as charged—carrying weapons by going armed with a 9mm pistol on or about her person. The State agreed to dismiss two counts, specified as Counts II and IV. A condition of the plea agreement was concurrence of the court.

The written plea of guilty filed by Houston does not specify the particular counts she was pleading to, just the name of the offense and the code section. The factual basis Houston wrote in the plea for the carrying-weapons charge specifically applied to Count IV, the count she was obligated to plead guilty to under the plea agreement she signed.

In its order accepting the plea, the court specifically defers its decision to the plea agreement. The order contains no reconciliation of the conflict in the plea agreement, and no record was made of the hearing. The court applied Houston's plea to Counts I and III and dismissed Counts II and IV, upholding the State's side of the plea agreement. As a result, Houston was convicted of a count she did not agree to plead guilty to—Count III, carrying a .22-caliber pistol on or about her.

Houston claims her counsel provided ineffective assistance for allowing her to plead to a count without sufficient factual basis. Normally, we review the entire record before the district court to determine if a factual basis exists. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). But the record here reveals no evidence Houston pleaded guilty to Count III at all. Even a sufficient factual basis cannot correct a plea that did not occur.

The State claims the plea agreement's intent was Houston would plead guilty to *a* carrying-weapons charge, and the difference in caliber of pistol between her written plea and the count of conviction is immaterial. We disagree. The factual details provided in a trial information used to distinguish between two counts charging a violation of the same statute are not "irrelevant technicalit[ies]." A trial information must provide sufficient factual particulars of a crime to enable a defendant to prepare a defense and so the factfinder can determine to which count the facts proven apply. Here, the factual particulars needed to distinguish between the two weapons charges, which the trial information did via caliber of the weapon. Multiple counts of the same charge cannot be interchangeable when the State establishes its proof if our system of justice is to be fair and just.

The State further claims Houston's intent to plead to one carrying-weapons charge was clear. The record shows Houston freely admitted to carrying the 9mm but denied knowledge of the .22-caliber pistol's owner and specifically pleaded the caliber of weapon and its location in her plea's factual basis; it is clear she specifically intended to plead to Count IV, not just any carrying-weapons charge.

The court convicted Houston of a crime she did not plead guilty to without a trial. Allowing a client to be convicted of a count without a trial or a guilty plea

without a factual basis is a clear failure to provide effective assistance. It also shows serious failures by the State and the court.

Houston intended and attempted to plead guilty to one of the two weapons charges—Count IV, going armed with a 9mm pistol. We find it appropriate to remand to the district court to enter Houston's plea on the correct count and to give the State an opportunity to establish a factual basis for Count IV. We vacate the judgment of conviction and sentence for Count III and remand for further proceedings. If on remand the factual basis cannot be shown, then the plea must be set aside.

**B.     Improper Factor & Failure to Grant Deferred Judgment.** Houston claims the court abused its discretion by relying on an impermissible factor in determining Houston's sentence and in its refusal to grant her a deferred judgment. The district court has the discretion to determine the appropriate sentence in light of the circumstances of the case and characteristics of the defendant. Iowa Code § 907.3; *State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002). Appellate review only determines if the decision was unreasonable or based on untenable grounds. *Formaro*, 638 N.W.2d at 725. However, "[i]f a district court improperly considers unprosecuted and unproven additional charges, we will remand the case for resentencing." *Id.* The court sentenced the possession and weapons charges together, necessarily considering an unprosecuted Count III when sentencing Houston. We therefore vacate the sentence for Count I and remand for resentencing.

**VACATED IN PART AND REMANDED.**