# IN THE COURT OF APPEALS OF IOWA

No. 18-2194
Filed June 3, 2020

**ROGER JAMES CHESHIRE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

The applicant appeals the district court decision denying his application for postconviction relief. **AFFIRMED.**

Marc A. Elcock, Osceola, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Schumacher, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Roger Cheshire appeals the district court decision denying his application for postconviction relief. We conclude Cheshire has not shown he was prejudiced by defense counsel's performance. We find the district court properly rejected Cheshire's claim of ineffective assistance of defense counsel. We do not address Cheshire's claim of ineffective assistance of postconviction counsel.

## I.     Background Facts & Proceedings

Cheshire was charged with sexual abuse in the second degree, assault with intent to commit sexual abuse, and two counts of indecent contact with a child. He entered into a plea agreement in which he agreed to plead guilty to lascivious conduct with a minor, in violation of Iowa Code section 709.14 (2005), and indecent exposure, in violation of section 709.9.

Cheshire's written guilty plea states:

> In order to establish a factual basis, I ask the court to accept as true the minutes of testimony, the date of the offense was: Nov. 1, 2003–Dec. 1, 2005 and I admit I did the following: I was over 18 years old and in a position of authority over J.B., a minor under the age of 12, and I persuaded J.B. to remove her clothes so that I could touch her genital area. I did this for the purposes of satisfying my sexual desires. On another occasion, I exposed my penis to J.B. for the purpose of satisfying my sexual desires and knowing that it would be offensive for J.B. to see.

Cheshire initialed this paragraph. The written guilty plea also states, "Unless I am granted a deferred judgment, I will be subject to a special sentence of ten (10) years beginning after I complete my probation, prison, or jail sentence." Cheshire signed the written guilty plea and the court accepted the plea.

Cheshire was sentenced to a term of imprisonment not to exceed one year on each charge, to be served consecutively. The sentences were suspended, and

Cheshire was placed on probation for one year. In addition, he was given a special sentence under section 903B.2 for a term of ten years and ordered to register as a sex offender.

Cheshire appealed his conviction, claiming the special sentence was improperly imposed because he was convicted for conduct that occurred before the effective date of section 903B.2 on July 1, 2005. *See* 2005 Iowa Acts ch. 158, § 40; *see also* Iowa Code § 3.7(1). We determined Cheshire pled guilty to conduct occurring between November 1, 2003, and December 1, 2005, which meant he pled guilty to conduct occurring after July 1, 2005. *State v. Cheshire*, No. 15-1763, 2016 WL 6396341, at *2 (Iowa Ct. App. Oct. 26, 2016). Furthermore, the written guilty plea stated that unless Cheshire was granted a deferred judgment, he would be subject to a special sentence for ten years. *Id.* We concluded "the imposition of the ten-year special sentence of supervision under Iowa Code section 903B.2 was not illegal under the circumstances presented here." *Id.* at *3. We affirmed Cheshire's convictions. *Id.* at *4.

On September 22, 2017, Cheshire filed an application for postconviction relief. He asked to have the special sentence overturned but requested to keep the benefit of the remainder of his guilty plea. He asserted he was unaware the special sentence did not apply to offenses committed before July 1, 2005. He stated the offenses occurred in October 2004. Cheshire stated defense counsel should have specified the date of the offenses was before July 1, 2005, so he would not be subject to the special sentence. The district court denied Cheshire's request for postconviction relief. He now appeals.

## II.     Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).  To establish a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted.  *Id.*  A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance.  *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III.    Ineffective Assistance

**A.**     Cheshire asserts that he received ineffective assistance because defense counsel did not adequately advise him concerning the penalties associated with his guilty plea.  Cheshire asserts that if he had known about the applicability of the special sentence, "he would have made the necessary corrections to the dates used in the plea."  He asks to have his special sentence removed.

In order to prevail, Cheshire would need to show "there is a reasonable probability that, but for counsel's errors, he . . . would not have pleaded guilty and would have insisted on going to trial."  *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).  "[A] claimant must proffer more than his or her own subjective, self-serving testimony" to establish prejudice.  *Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015).  "Rather, a claimant must offer objective, corroborating evidence" a decision "was based on counsel's unprofessional errors, as opposed to other considerations."  *Id.*

There is no evidence to show Cheshire would have insisted on going to trial but for defense counsel's advice.  Cheshire never stated he would have preferred

to go to trial if he had known of the correlation between the dates of the offense and the imposition of a special sentence. To the contrary, at the postconviction hearing, Cheshire testified he did not want the court to overturn the guilty plea. He asked to have the guilty plea left intact except for the removal of the special sentence. In essence, Cheshire desires to pick and choose the parts of the plea agreement he now finds acceptable. However, Cheshire is not free to unilaterally withdraw from a plea agreement or modify it. *See State v. Beres*, ___ N.W.2d ___, ___, 2020 WL 2502212, at *10 (Iowa 2020) (concluding a plea agreement is a contract and it may not be unilaterally modified).

Moreover, there is no evidence to show the State would have entered into the same plea agreement, minus the special sentence. Cheshire had a previous conviction for a sexually predatory offense and so would have been subject to a sentencing enhancement if convicted of the original charges. Defense counsel successfully negotiated a plea agreement in which he pled guilty to reduced charges of lascivious conduct with a minor and indecent exposure, received no prison time, and was placed on probation for one year, in addition to the ten-year special sentence.

Cheshire also initialed the paragraph that stated the offenses occurred between November 1, 2003, and December 1, 2005, and signed the agreement as a whole. If Cheshire did not consent to the terms of the agreement, such as the possibility of the imposition of a special sentence, he could have tried to negotiate a different plea agreement or decide to not sign the agreement. Cheshire accepted the plea agreement knowing he could be subjected to a special sentence.

We also note Cheshire did not raise his claim that the offenses occurred in October 2004 until the postconviction hearing. He did not offer objective, corroborating evidence of his claim. *See Dempsey*, 860 N.W.2d at 869. The victim was unable to state precisely when the offenses occurred.

Overall, we find Cheshire's complaints arise more from "buyer's remorse" than with a problem in his plea agreement. *See Hartnell v. State*, No. 03-1873, 2005 WL 291538, at *6 (Iowa Ct. App. Feb. 9, 2005) ("We find Hartnell's claim that he would have insisted on going to trial is not based on any defect in the plea colloquy or trial counsel's failure to challenge it, but rather was provoked by 'buyer's remorse' for the minimal leniency his waiver of trial produced.").

We conclude Cheshire has not shown he was prejudiced by defense counsel's performance. There is no reason to consider the question of whether counsel failed to perform an essential duty where Cheshire only sought to modify his plea agreement. There is no evidence he "would not have pleaded guilty and would have insisted on going to trial." *See Straw*, 709 N.W.2d at 138. We find the district court properly rejected Cheshire's claim of ineffective assistance of defense counsel.

**B.** Cheshire also claims he received ineffective assistance of postconviction counsel. He asks to have this issue preserved, as the present record is not adequate to address his claim. This claim must be raised in a separate application for postconviction relief. *See Goode v. State*, 920 N.W.2d 520, 527 (Iowa 2018).

We affirm the decision of the district court.

**AFFIRMED.**