# IN THE COURT OF APPEALS OF IOWA

No. 19-1952
Filed August 19, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RAMIRO JOSEPH JESSE GONZALES III,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Stephen A. Owen, District Associate Judge.

Ramiro appeals his conviction for possession of marijuana claiming there was insufficient evidence to support the conviction. **AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

A jury found Ramiro Gonzales guilty of possession of marijuana. He was convicted of possession of marijuana, third or subsequent offense, a class "D" felony, in violation of Iowa Code section 124.401(5) (2018), and sentenced to an indeterminate five-year term of imprisonment. Gonzales appeals claiming there was insufficient evidence to support his conviction. Finding sufficient evidence, we affirm.

Boone County sheriff's deputies responded to the report of a disturbance at the Gonzales residence. Living in the house were Gonzales's sister, her fifteen-year-old son, her boyfriend, and Gonzales, who was renting a room from his sister. Also present in the house when deputies arrived was Gonzales's girlfriend and her nine-year-old son. While the deputies were in the house, Gonzales's sister gave one of the deputies a container from the refrigerator. The deputy took the container and went outside with Gonzales and asked "What is this cup of green stuff?" Gonzales responded, "cannabis butter." He admitted it was his, explaining that someone gave it to him and that he planned to make cookies with it. Gonzales was arrested for possessing the marijuana butter. Gonzales's sister also provided the deputies with two bags of marijuana. In the sally port at the jail, a deputy showed Gonzales the larger bag of marijuana, said he would weigh it, and that the charges would depend on the weight. Gonzales opined there was 28 grams in the bag. Testing determined there was 41.79 grams of marijuana in the bag. Videos of Gonzales's statements were admitted into evidence.

Gonzales testified at trial. He denied that the marijuana butter was his. He said he didn't know whose it was. When asked to explain his admission on the

video, he claimed it was his because he feared that if his sister got in trouble his nephew would be taken from the home and be "put in the system." He said his statement in the sally port about the weight of the bag was a guess based on his prior experience with marijuana.

The jury found Gonzales guilty of possession of marijuana. Gonzales appeals asserting substantial evidence does not exist to support his conviction.

"Sufficiency of evidence claims are reviewed for correction of errors at law, and we will uphold a verdict if substantial evidence supports it." *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017). "Evidence is substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (internal quotation marks and citation omitted). "Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury is free to reject certain evidence, and credit other evidence." *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (citation omitted).

Gonzales argues his conviction cannot stand because his out-of-court admissions did not come with other proof that he committed the offense as required by Iowa Rule of Criminal Procedure 2.21(4). Under the rule, "The confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense." Iowa R. Crim. P. 2.21(4). The rule applies to admissions as well. *State v. Polly*, 657 N.W.2d 462, 466 n.1 (Iowa 2003). And the jury was so instructed: "The defendant cannot be convicted by an incriminating statement alone. There

must be other evidence the defendant committed the crime." *See* Iowa Crim. Jury Instructions 200.16.

> "The existence of corroborative evidence is a question of law for the court, but its sufficiency is ordinarily a question of fact for the jury." This rule "makes it necessary that the 'other proof' connect the defendant with the offense." Corroboration need not be strong nor need it go to the whole of the case so long as it confirms some material fact connecting the defendant with the crime. Although individual items of circumstantial evidence may be insufficient corroboration, the combination of the circumstances may permit a jury to conclude the confession or admission was corroborated.

*State v. Liggins*, 524 N.W.2d 181, 187 (Iowa 1994) (citations omitted). The "other proof" can be direct or circumstantial and "does not have to prove the offense beyond a reasonable doubt or even by a preponderance." *Polly*, 657 N.W.2d at 467. This "other proof" need only fortify the truth of the admission, without independently establishing the crime charged, but "must support the essential facts admitted sufficiently to justify a jury inference of their truth." *Id.* (cleaned up). "It is sufficient as long as it supports the content of the confession and if, together with the confession, proves the elements of the charge against the defendant beyond a reasonable doubt." *State v. Meyers*, 799 N.W.2d 132, 139 (Iowa 2011) (citation omitted).

The jury was instructed that to find Gonzales guilty of possession of a controlled substance the State has to prove he "knowingly or intentionally possessed marijuana" and that he "knew that the substance he possessed was marijuana." The jury was also instructed on actual and constructive possession and sole and joint possession.

The State argues that the presence of the marijuana butter in the refrigerator of the home where Gonzales was living is sufficient corroboration. We

agree. That the marijuana butter came from a place where Gonzales would naturally store it is enough to corroborate or support the content of his out-of-court admission that he possessed the marijuana butter. In agreeing with the State's position, we are mindful that corroborative evidence "need not be strong nor need it go to the whole of the case so long as it confirms some material fact connecting the defendant with the crime." *Liggins*, 524 N.W.2d at 187.

Gonzales's estimate as to how much the bag of marijuana weighed cannot be characterized as an admission it was his. And the State makes no argument on appeal that there is any corroborative evidence connecting Gonzales to the bags of marijuana his sister retrieved from somewhere in the house. But failing to prove Gonzales's possession of the bags of marijuana is not fatal to his conviction. Proof of possession of a minimum quantity of a controlled substance, by weight or otherwise, is not required under section 124.401(5). Proof of Gonzales's possession of the marijuana butter is enough to uphold his conviction.

As there is sufficient evidence to corroborate Gonzales's out-of-court admission, we affirm his conviction.

**AFFIRMED.**