# IN THE COURT OF APPEALS OF IOWA

No. 20-0169
Filed December 15, 2021

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**JOSEPH DAVID PETERSON,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

Judge.

 Defendant appeals his convictions on two counts of sexual abuse in the

second degree. **AFFIRMED.**

 Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

 Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.

 Considered by Bower, C.J., Vaitheswaran, J., and Carr, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**CARR, Senior Judge.**

Joseph Peterson appeals his convictions on two counts of sexual abuse in the second degree. We find there is substantial evidence in the record to support the jury's verdict. His claims of ineffective assistance of counsel may not be raised in this direct appeal. We affirm Peterson's convictions.

## I.    Background Facts & Proceedings

In March 2019, allegations arose that Peterson sexually abused his eight-year-old daughter, A.L. A.L. stated that while they had their clothes off, Peterson touched his "front butt" to her "front butt," and that "front butt" meant the area "where you go pee from." She stated Peterson made her touch his "front butt" and "the thing that's not pee" came out of Peterson's "front butt." She stated this happened "a lot."

On March 29, Detective Larry Hedlund questioned Peterson while they were sitting in the officer's unmarked vehicle. The interview was recorded. Peterson admitted touching A.L. sexually. Peterson stated A.L. would describe performing oral sex "maybe once." Peterson stated that recently A.L. touched his penis with her hand for about five minutes until he ejaculated. He stated A.L. would ask him to "touch butts," which meant him touching his penis to her vagina. He said the genital-to-genital touching happened maybe eight times.

After about forty-five minutes, Detective Hedlund asked Peterson to come to the police station. This interview was also recorded. Peterson admitted touching his penis to A.L.'s vagina twice when she was eight years old and six times when she was seven. He made additional statements similar to the ones made in the police vehicle—stating A.L. asked him to "touch butts," and he would

rub his penis on her vagina until he ejaculated. Peterson was visibly distraught during the interview. On April 19, 2019, Peterson was charged with two counts of second-degree sexual abuse, in violation of Iowa Code section 709.3(1)(b) (2019).

During the jury trial, A.L. testified describing in age-appropriate terms several instances of genital-to-genital or hand-to-genital contact with Peterson. A nurse practitioner, Julie Ritland, testified A.L. stated "he came in my room and then we did the private parts together. Both of ours. We're not supposed to do that." A.L. stated "he put his private on my front private."

Peterson testified that he falsely confessed in an "attempt[ ] to protect my family, my kids." He stated he wanted to make himself a "soft target," or a "cover," "shield." He stated, "if [A.L.] was lying, they were going to send her away, run her through psych evals, brand her a liar." Peterson recognized his explanation was "hard to believe."

The jury found Peterson guilty of two counts of second-degree sexual abuse. He was sentenced to a term of imprisonment not to exceed twenty-five years on each count, to be served consecutively. Peterson now appeals.

## II.     Sufficiency of the Evidence

Peterson contends there is not sufficient evidence in the record to support the jury's verdict. Iowa Rule of Criminal Procedure 2.21(4) provides, "The confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense." Peterson asserts A.L.'s testimony does not corroborate his statements to Detective Hedlund because she did not identify a specific timeframe for the

alleged incidents of sexual abuse. He also points out that there was no physical evidence of sexual abuse.

On claims concerning the sufficiency of the evidence, our review is for the correction of errors of law. *State v. Folkers*, 941 N.W.2d 337, 338 (Iowa 2020). "The district court's findings of guilt are binding on appeal if supported by substantial evidence. Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citations omitted). The Iowa Supreme Court has stated:

> In making determinations regarding the sufficiency of the evidence, we "view the evidence in the light most favorable to the state, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence." If the record contains substantial evidence to support the defendant's conviction, we will uphold a trial court's denial of a motion of acquittal. "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." Evidence can be either circumstantial or direct, or both.

*State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019) (citations omitted).

The jury could find Peterson's testimony that he falsely confessed was not credible. *See State v. Neitzel*, 801 N.W.2d 612, 624 (Iowa Ct. App. 2011) ("[T]he credibility of witnesses is for the factfinder to decide except those rare circumstances where the testimony is absurd, impossible, or self-contradictory."). His out-of-court statements to Detective Hedlund admitting that he had genital-to-genital contact with A.L. were corroborated by the testimony of A.L. and Ritland. *See State v. Polly*, 657 N.W.2d 462, 466 (Iowa 2003) (discussing "other proof" needed to corroborate a confession). We find there is substantial evidence in the

record to support Peterson's convictions on two counts of second-degree sexual abuse.

### III.    Ineffective Assistance

Peterson claims he received ineffective assistance because defense counsel failed to (1) file a motion to suppress his statements to officers; (2) object to the admission of irrelevant photographic evidence; and (3) file a motion for a mistrial based on an officer's testimony about seminal fluid when there was an agreement this evidence would not be mentioned.

Section 814.7 (Supp. 2019) prohibits Peterson from making a claim of ineffective assistance of counsel on direct appeal.  Section 814.7 provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822.  The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

We conclude that based on section 814.7, Peterson cannot raise his claims of ineffective assistance of counsel in this direct appeal.  *See State v. Treptow*, 960 N.W.2d 98, 106–07 (Iowa 2021).  Such claims must be raised in postconviction-relief proceedings.  *See* Iowa Code § 814.7; *State v. Watson*, No. 20-1333, 2021 WL 2452049, at *3 (Iowa Ct. App. June 16, 2021).  Therefore, we do not address Peterson's claims of ineffective assistance of counsel.

We affirm Peterson's convictions.

**AFFIRMED.**